MICHAEL FERRALL, THOMAS M. CROWELL AND LEWIS HALE, PLAIN-
TIFFS IN ERROR, *vs.* RICHARD H. BRADFORD AND EDWARD BRAD-
FORD, DEFENDANTS IN ERROR.

A judgment without satisfaction, recovered against one of two or more joint
debtors, is a bar to an action against the others. If parties enter into a
joint obligation, it is certainly to be understood they are to be sued jointly
and not severally.

If, upon such an obligation, separate suits are brought against the joint obligors,
the non-joinder of all the obligors who are in full life, and who have not been
discharged by the operation of a bankrupt or insolvent law, and who are
of full age, may be pleaded in abatement.

Where a suit has been brought against several joint obligors and the attorney
of the plaintiff is induced, by the false and fraudulent representations of one
of the defendants, to dismiss the suit as to him and another, and take his
judgment against the third joint obligor, the party making such represen-
tations cannot be permitted, in a subsequent suit on the same joint obliga-
tion, to avail himself of the plea of a former recovery. Nor will the fact
that such representations were made by one only of the defendants make
any difference—the fraud enuring to the benefit of his co-defendant, against
whom also, as well as himself, the first suit was dismissed.

A demurrer of defendants to plaintiffs' replication, averring that the proceed-
ings in the original suit were dismissed as to them, owing to certain false
and fraudulent representations made by one of them to plaintiffs' attorney,
whereby he was imposed upon, circumvented, and his judgment not fairly
exercised, admits the fraud so set forth in the replication.

The mode or manner in which fraud is effected is not a matter of much conse-
quence;—it is the effect produced to which the Court must look, in order
to see if the result is a consequence of the fraud complained of.

Where fraud is *admitted* or proved, relief can be obtained in a court of law, as
well as in a court of equity ; and when the defence of fraud exists at law, the
party *should* avail himself of it there.

Error to Leon Circuit Court.

The plaintiffs in error brought an action of debt against the de-
fendants at the Spring term, 1846, of the Circuit Court of the County
of Leon, upon a bond made by defendants, jointly, for the payment
of the sum of thirteen hundred dollars. To this bond there was a
condition which is recited in the opinion delivered by the Court.

Richard H. Crowell, one of the defendants, was not served with
process. The other defendants, the Bradfords, pleaded that they

were jointly, and not jointly and severally, bound, with one Richard H. Crowell, and that, in the year 1843, the plaintiffs impleaded the said Crowell, in the Superior Court of the County of Leon, severally in an action of debt for and in respect of the very same identical cause of action, and recovered judgment against him, in said Court, for the very same identical debt in the declaration mentioned.

To this plea plaintiffs replied : That J. B. Brown, Esq., the attorney for plaintiffs in the suit mentioned in defendants' plea, took judgment against Richard H. Crowell alone, in consequense of false and fraudulent representations made to him by Richard H. Bradford, one of the defendants—that the said attorney was imposed upon, circumvented, and his judgment not fairly exercised, and was induced to dismiss proceedings, as to the Bradfords, in consequence of the aforesaid representations.

The defendants demurred, alleging the insufficiency in law of this replication.

At the Spring term, 1848, of the Circuit Court of the County of Leon, Hon. THOMAS BALTZELL presiding, the matters of law arising upon defendants' demurrer to plaintiffs' replication being argued, it was adjudged that the matters therein contained are insufficient in law to maintain the action ; and therefore the demurrer was sustained.

*Douglas*, for plaintiffs in error :

The plaintiffs' counsel contend that the judgment heretofore rendered in this case against Crowell does not bar the plaintiffs' right to recover against the defendants in error :

1. Because the whole of a joint contract is not *merged* in a judgment against one of the joint contractors. Vide Shehee *v.* Mandaville and Jamieson, 2 Cond. Rep. Sup. Ct. U. S., 362. Drake *v.* Mitchell, 3 East., 257. Brown *v.* Wooten, Croke James, 73.— Coke's Abr. Rep., 183. 1 Harr. Dig., 22. 2 Greenleaf's Rep., 191. 1 Comyn's Dig. (L. 4,) title Action, 234. Bryant *v.* Withers, 2 M. & Selw., 123. 2 B. & Adolph., 892. 7 J. J. Marshal, 416. Godson *v.* Smith, 2 Moore, 157.

2. Because the joint obligation is not *extinguished* by a judgment against one of the joint obligors. See the above cited authorities.

3. The recovery of judgment against one, is no *release* to the

others. The recovery of judgment negatives the idea of a release.— The authorities cited prove this position.

4. Nothing short of full payment by one of several joint debtors, or a release under seal, can operate to discharge the other debtors from the contract. Walker *v.* McCulloch, 4 Greenleaf, 421. Ruggles *v.* Patten, 8 Mass., 480. 14 John. Rep., 404. Dennett *v.* Chick et al., 2 Greenleaf, 191.

5. Judgment and execution without *satisfaction* is no bar to a recovery against the co-obligors, otherwise in torts. 1 Johns. Rep., 291. 3 Mod., 87. 1 Ch. Plead., 33, and note G. 2 Hen. & Mun., 358. Blumfield's case, Coke's Abr. Rep., 169. 2 Shower, 494.— 3 East., 257. Walters *v.* Smith, 2 B. & Adolph., 892. Bailey *v.* Rogers, 1 Greenleaf, 186. 2 Black., 947. Reese *v.* Abbot, Cowp., 832. 2 Bailey, 411.

Should the Court differ with me on these points, still we hold the replication is good and a sufficient answer to the plea. Fraud vitiates all proceedings, and those who are parties to it may not shield themselves under the effect of their own acts. If the attorney was induced to take a sole judgment against Crowell, one of the joint obligors, by the false and fraudulent representations of his co-obligors, or either of them, or by their simple misrepresentations, then the co-obligors, who have pleaded the judgment, cannot take advantage of their own wrong. Vide Simmes *v.* Slacum, 1 Cond. Rep. S. C. U. S., 539. Borden *v.* Fitch, 15 Johns. Rep., 121. Fermer's case, Coke's Ab. Rep., 60. 1 Cain's Rep., 461. Sinclair *v.* Fraser, 1 Doug., 5 and note. Dutchess of Kingston's case, 1 John. Rep. 424, 1 Stark. on Evidence, 233. Winchell *v.* Stiles, 15 Mass., 230. 19 Johns. Rep., 164. Holker *v.* Parker, 2 Cond. Rep. S. C., 560.— 7 Cranch., 453.

*Branch*, for defendants in error :

The first question in this case is—whether the plea of a former recovery by plaintiffs against Crowell, one of the joint obligors, is a bar to this action ?

The bond is *joint*, and not joint and several ; and plaintiffs have heretofore, in another and separate action, recovered judgment against Crowell. This suit is against the Bradfords and *likewise against Crowell,*

No principle of pleading is better recognized than that, on a joint obligation or contract, all the parties must be sued jointly. This rule is so inflexible that all must be sued, even though one has become a bankrupt. Chitty on Pl., 47, 48.

So, also, if a party bring a joint action on a joint and several bond, and one of the parties dies after judgment, he will lose his remedy against the assets of the deceased. Chitty on Pl., 49, 50.

To allow a party to sue the obligors of a joint obligation separately or in separate actions, would destroy the universally admitted distinction between joint and joint and several bonds or contracts.— It would virtually make joint instruments joint and several.

In this case, plaintiffs, having sued the principal and obtained judgment against him, must be presumed to have discharged the other obligors, who were only *sureties.* Crowell, having made no objection by plea or otherwise, the plaintiffs had a right to discharge the Bradfords and sue Crowell alone, as they have done. They cannot, after having elected to treat the bond as the separate bond of Crowell and under that election obtained judgment against him, now elect to treat it as the joint obligation of all the parties, and make the Bradfords liable in a new suit against all. They must abide their election.

The right of personal action against the Bradfords having been once suspended or relinquished, is gone forever, and cannot be restored by any act on their part.

Again : By obtaining judgment against Crowell, the bond or cause of action became *merged* in the judgment. It ceased to a debt of specialty and became one of record. Having thus become a debt of a *higher nature,* the bond ceased to be the *subject of future action.*

Again : Should this action be maintainable, then *two* judgments will be in existence at once against Crowell for the same debt, which clearly cannot be. Nor can the Bradfords alone be sued to avoid this difficulty ; for if they were, they could show that Crowell was *jointly* liable with them, and indeed the *variance* between the *allegata* and *probata* would be fatal.

It has, accordingly, been repeatedly decided by the highest courts in this country and England, that *a judgment against one* on a joint contract and in a separate action *is a bar to an action against the other contractors.* Chitty on Pl., 53 and note. Ward *v.* Johnson, 13 Mass. R., 148, Robertson *v.* Smith, 18 Johns. R., 459. King

*v.* Hoare, 13 Meeson & Welsby R., 494. Gibbs *v.* Bryant, 1 Pick. R., 118. 3 Bacon's Abr., title Extinguishment, D. Willings & Francis *v.* Consequa, 1 Pet. C. C. R., 306. Beltzhoover *v.* Commonwealth, 1 Watts R., 126. Anderson *v.* Levin., 1 Watts & S., 334. 9 Pet., 8. 10 Peters, 449.

2. The replication to the second plea of former recovery, alleging that this recovery had been obtained by *the fraud of the Bradfords*, was bad, and the demurrer thereto was properly sustained.

The plaintiffs, *being parties* to the judgment, could not aver that it *was fraudulent. A party* to a judgment cannot impeach it collaterally. Until reversed, a judgment is in force ; and being a record, no averment can be made against its validity. Chitty on Pl., 521.— 2 Black. Comm., 22. Moses *v.* McFarland, 2 Burr. R., 1005. 1 Starkie on Ev., 254. 2 Phillips on Ev., 515. Homer *v.* Fish et al., 1 Pick. R., 435. Hooks *v.* Moses, 8 Iredel R., 90. 1 Saunders, 92, (b).

HAWKINS, Justice, delivered the opinion of the Court :

For the better understanding of the case at bar, the second plea of the defendants, Bradford's, is set forth at length. " And for further plea, the defendants, Edward Bradford and Richard H. Bradford, by their attorneys, J. & L. Branch, crave oyer of the said writing obligatory, and it is read to them, &c.; they also crave oyer of the condition of the said writing obligatory, and it is also read to them, in these words : ' The condition of the above obligation is such, that whereas the aforesaid Lewis Hale, Michael Ferrell and Thomas M. Crowell, are bound as bail for the said R. H. Crowell, for his appearance at the next Superior Court, to be holden in the county of Halifax, in the State of North Carolina, in a certain suit, wherein the heirs of William Crowell, deceased, are plaintiffs, and the said Crowell is defendant. Now, if the said R. H. Crowell shall appear at the said court, to be held in October next, and surrender himself in discharge of his bail, or if he shall pay the amount which may be recovered against him, then this obligation shall be null and void.' Witness our hands and seals, this 11th May, 1841.

|  |  |
|---|---|
| R. H. CROWELL, | [SEAL.] |
| EDWARD BRADFORD, | [SEAL.] |
| RICHARD H. BRADFORD, | [SEAL.]" |

" Which being read and heard, the said defendants, Edward Bradford and Richard H. Bradford, say—they became bound to the said plaintiffs, by the writing obligatory in the declaration mentioned, jointly with the defendant, Richard H. Crowell, and not severally; and that the said plaintiffs, notwithstanding the said writing obligatory was the joint obligation of the said Richard H. Crowell, and the said Edward Bradford and Richard H. Bradford, heretofore, to wit: at the Spring Term of the Superior Court of the Middle District of Florida, sitting for the county of Leon, in the year eighteen hundred and forty-three, impleaded the defendant, Richard H. Crowell, one of the joint obligors of said writing obligatory, severally, in a certain action of debt, for detaining and not paying the very same identical debt, and for and in respect of the very same identical causes of action in the said declaration mentioned, and that such proceedings were thereupon had in the said court in that plea ; that afterwards, to wit : on the twenty-fifth day of April, Anno Domini, eighteen hundred and forty-three, the said plaintiffs, by the consideration and judgment of the said court, recovered in the said plea against the said Richard H. Crowell, the sum of thirteen hundred dollars, and one hundred and ninety-four dollars and seventy cents, and their costs about their said suit in that behalf expended ; whereof the said Richard H. Crowell was convicted, as by the records and proceedings thereof still remaining in the said Court more fully and at large appears ; which said judgment still remains in full force and effect, not in the least reversed or made void.    And this the said defendants, Edward Bradford and Richard H. Bradford, are ready to verify ; wherefore they pray judgment, if the said plaintiffs ought to have or maintain their aforesaid action thereof against them, &c."

To this plea, the following amended replication was filed : " And the said plaintiffs, Lewis Hale, Michael Ferrall and Thomas M. Crowell, by their attorneys, as to the said plea of the said defendants, Richard H. Bradford and Edward Bradford, by them secondly above pleaded, say—that they, the said plaintiffs, by reason of any thing by the said defendants in that plea alleged, ought not to be barred from having and maintaining their aforesaid action thereof against them, the said defendants, because, they say, that, at the time of the taking of the said judgment, in said plea mentioned, against Richard H. Crowell alone, Joseph B. Brown, the attorney of record, who conducted, prosecuted and managed the suit in which said judgment

was taken for plaintiffs, was imposed upon, circumvented and his judgment not fairly exercised, and said attorney was induced to dismiss the proceedings as to the said defendants, Richard H. Bradford and Edward Bradford, and to take a judgment against Richard H. Crowell alone in said plea mentioned, in consequence of the false and fraudulent representations of the defendant, Richard H. Bradford, one of the said defendants, and this they, the said plaintiffs, are ready to verify ; wherefore they pray judgment and their damages, by reason of the non-payment of their debt, to be adjudged to them, &c. &c."

By the defendants, a demurrer was put in to this replication, and was sustained by the Court.

The plaintiffs in error have assigned the following causes of error :

1. The Court below erred in sustaining the plea of former recovery, pleaded in the second plea of the defendants.

2. The Court erred in sustaining the demurrer to plaintiffs' replication to said plea of former recovery.

3. The Court erred in not giving judgment for plaintiffs on the defendants' demurrer to plaintiffs' replication to said plea of former recovery.

4. The Court erred in deciding the defendants' plea of former recovery against the said Richard H. Crowell a bar to plaintiffs' action.

Two questions raised by the pleadings and by this assignment of errors, present themselves for the consideration of the Court.

*First.* Where there is a joint obligation given by three persons, and judgment is taken only against one, whether that judgment can be pleaded in bar to a subsequent suit upon the same cause of action, by the other parties to the instrument ?

*Second.* If this plea of judgment recovered is a good bar to the subsequent suit, the next enquiry is, how far its effect can be counteracted and avoided by the false and fraudulent representations of the party setting up this bar ; and owing to which, judgment in the original suit was taken against Richard H. Crowell alone, without joining the Bradfords, his co-defendants ?

We will discuss them in their order ; and as to the first point, we are clearly of opinion, that a judgment, *without satisfaction*, recovered against one of two or more *joint* debtors, is a bar to an action

against the others. We are aware that there have been conflicting decisions upon this question; but we must decide it upon what we deem *principle*, and upon the authority of decisions entitled to the greatest respect, not only for the reasoning contained in them, but for their having been made by judges of the highest character and reputation.

If parties enter into a *joint* obligation, it is certainly to be under-stood they are to be sued *jointly*, and not *severally*. It is part of their bargain, and they have a right to insist upon its fulfilment. In the words of C. J. Spencer, " Each debtor is bound for the whole, until the debt is paid ; but as regards the remedy to coerce payment, there is a material and settled distinction. If they have undertaken *severally* to pay, *separate* suits may be brought against each ; but when their undertaking is JOINT, unless they waive the advantage, by not interposing a plea in abatement, they must be sued *jointly*, if in full life, and neither has been discharged, by operation of a bank-rupt or insolvent law, or is not liable on the ground of infancy."— Robertson *v.* Smith *et al.*, 18 John. R., 477.

The principle we have laid down is to be found in all the text books. In Chitty on Pl., 48, we find that, where there are several parties, if the contract be *joint*, they must all be made defendants." So in Comyn Dig., tit. action, K. 4, " a recovery against one obligor and execution, will be a bar in debt against the other." It is true, that in the same work, tit. as above, L. 9, it is said : " So a recovery and execution against one, where the thing demanded is certain, is no bar in another action, against another, upon the same founda-tion—as if two be bound by a bond, a recovery and execution against one, is no bar to an action upon the same bond against the other obligors." Baron Parke, in a case to be cited hereafter, remarked, in relation to this last clause in Comyn, " that it is merely a repe-tition of the old cases relating to joint and *several* bonds," and such seems to have been the opinion of C. J. Spencer.

We are aware, that in stating our conclusion, we may be said to have impugned a decision of the highest legal tribunal in our coun-try, the Supreme Court of the United States, and that decision, too, pronounced by Chief Justice Marshall. Shehee *v.* Mandeville, 6 Cranch, 263. Delicate must be the task at all times of criticizing an opinion emanating from such a source—bold, perhaps, the tribu-nal that may differ from its conclusions ; and we are free to admit,

that in that case the rigid technicalities of the law were made to succumb and give way to equity and justice. There certainly seems something exceedingly unjust in one partner, receiving the profits of a partnership for a long period of time, and upon the concern becoming unsuccessful, concealing his interest, and leaving a third person to bear the loss ; besides, if he were a secret partner, how could the creditor learn whom to sue ? But *ita lex scripta est.* The case at bar stands upon a different footing ; the suit was upon a bond—in which, of course, all the names of the obligors were clearly and distinctly set forth.

The decision, however, in Shehee v. Mandeville, has been directly overruled in this country, and in England. In Ward v. Johnson, *et al.*, 13 Mass., 148, it was quoted by the plaintiffs, and its doctrine denied by the Court, Justice Wilde holding : " This being a joint action, to support the declaration, a joint subsisting cause of action must be shown against both the defendants." (There had been a previous judgment against one of the defendants, upon the same cause of action.) " We know of no principle of law," he further says, " which can authorize us to give separate judgments in an action on a joint contract."

In the case before cited, 18th Johnson, it was commented upon at large by C. J. Spencer, and received his decided disapprobation, and the principle contained in it was overruled by the Court. So, too, in Peters' C. C. Reports, 301, Judge Washington says : " a judgment against one partner extinguishes the simple contract debt as completely as if one had given his bond for it." This same principle is sustained in the Courts of Pennsylvania. 9th Sergeant & Rawle, 142 ; 1 Watts & Sergeant R., 339, and in the latter case, the decision of Shehee v. Mandeville, is not considered as authority, though with an expression of regret by the Court that it had been overruled, as " its justice might have supported it."

Chancellor Kent, in Penney v. Martin, 4 Johnson Ch. Rep., 567, approves of the decision in the case of Willings & Francis v. Consequa, 1 Peter C. C. R., 301, before cited, and refused even in equity to enforce the rights of a creditor against a dormant partner. The decisions in Peters' C. C. Reports, and that of Penney v. Martin, were made several years posterior to that of Shehee v. Mandeville.

The general principle as asserted by the Court, is fully sustained also by a solemn decision of the Court of Exchequer in England,

King and another, v. Hoare, 13 Mee. & Welsby Repts., 495. The case of Shehee v. Mandeville was cited before that Court, but it was not deemed satisfactory, and was disregarded. In this case, there are some dicta of Baron Parke upon the subject of extinguishment, and sustaining the argument of counsel for the defendants. He remarks, that " If there be a breach of contract or wrong done, or any other cause of action by one against another, and judgment be recovered in a court of record, the judgment is a bar to the original cause of action, because thereby it is reduced to a certainty, and the object of the suit attained, and it would be useless and vexatious to subject the defendant to another suit, for the purpose of obtaining the same result. Hence the legal maxim, *transit in rem adjudicatam.* The cause of action is changed into matter of record, which is of a higher nature, and the inferior remedy is merged in the higher. This appears to be equally true, where there is but *one cause of action,* whether it be against a single person or many." With these remarks, we dismiss the first point in the case, and we come now to the second.

This involves a question of more difficulty, inasmuch as we can find no case precisely analagous, to assist us in coming to a conclusion. The facts succinctly are these : The plaintiffs in the Court below took judgment against only one of the joint obligors, and when that fact is pleaded by the defendants in bar, they reply that they did only do so, because their attorney was *circumvented* and *induced to dismiss* the proceedings as to the other defendants, in consequence of the *fraudulent representations* of one of the defendants.

It matters little as to the mode or manner in which fraud is effected. A court must look to the effect, and ask if the result is a consequence of the fraud. Here the defendants seek to avail themselves of a legal defence, arising from a state of facts which they themselves by their fraud have produced. They admit, virtually, by their demurrer, that the plaintiffs have been deprived of a legal right by their fraud, and they seek now, by their defence, to take advantage of their own wrong—a defence admitted to arise from their own fraudulent act. The question now is, will such a defence be available, tolerated, or allowed ? Law, reason, justice and morality, unite in a negative response.

Lord Coke says, that " fraud and deceit by him who is trusted is most odious in law." " The common law doth so abhor fraud and

covin, that all acts, as well judicial as others, and which of themselves are just and lawful, yet being mixt with fraud, are in judgment of law wrongful and unlawful." 3 Reports, Fermer's case.—Lord Mansfield, too, (Cowper 434,) remarks : " The principles and rules of the common law, as now universally known and understood, are so strong against fraud in every shape, that the common law would have attained every end proposed by the statutes of 13th and 27th Elizabeth."

Fraud will vitiate any, even the most solemn transactions, and an asserted title to property founded upon it is utterly null.   15 Peters' S. C. R., 594.   2 Howard, 284.   No doubt a record may be affected and even vitiated by fraud.   White *v.* Hall, 12 Vesey, 324. Hampson *v.* Hampson, 3 Vesey & Bea., 42.   But this principle of fraud is so generally admitted, it is useless to multiply authorities.

We do not deem it imperative, as contended for by counsel, that the plaintiffs should be driven into a court of equity for redress, if a fraud has been perpetrated.   We consider the defence to the plea in this case, as set forth in the replication, a good one at law.   Judge Story remarks :  " To remedy defects in common law proceedings, is the principal reason of interference—that a wrong is done for which there is no plain, adequate and complete remedy in the courts of common law."   1 Story's Equity, 53.

It is an admitted principle that a court of law has a concurrent jurisdiction with a court of chancery in cases of fraud.   The princiciples as to fraud may be often more correctly applied in a court of equity than in courts of law.   Chancery can compel discovery of facts which a court of law cannot.   Fraud may frequently be presumed in equity by the chancellor, while at law, it is the province of the jury to find the facts and determine their character, under the instruction of the court.   8 Peters, 244.   12 Ibid., 11.   10 John R., 462.   4 Wash. C. C. R., 662.

The Supreme Court of Massachusetts, in speaking of this subject, hold this language :  " But when a court of law has regularly the fact of fraud *admitted* or proved, no good reason can be assigned *why relief should not be obtained there*, although not always in the same way in which it may be obtained in a court of equity."   Boynton *v.* Hubbard, 7 Mass. R., 112.

So in the case at bar, *the fraud is admitted ;* then why should not the Court act upon it ?   A chancellor, too, might feel no little diffi-

dence in allowing an appeal to his jurisdiction, when a good defence existed at law, of which the party had not availed himself; and we all know that negligence in this respect meets with no favor in a court of equity.

At the first blush we thought we discovered some difficulty arising. from the fact that only *one* of the defendants is alleged to have been guilty of the fraud, but it soon disappeared; for we find this principle broadly laid down—that interests gained by one person by the fraud of another cannot be held by them; otherwise fraud would always place itself beyond the reach of the Court. 4 Iredel Eq. Rep., 219, citing Bridgman *v.* Green, 2 Vesey, 627. Huguenin *v.* Basely, 14 Vesey, 273.

Again, a plea which is bad in part is bad *in toto.* If, therefore, two defendants join in a plea which is sufficient for one but not for the other, the plea is bad as to both; for the court cannot sever it and say that the one is guilty and that the other is not, when they all put themselves upon the same terms. Chitty on Pl., 598 (7th Am. ed.) 1 Saunders' R., 28, note 2. So an entire plea cannot be good in part and bad in another part, because such entire plea is not divisible. 1 Saun., 27. Stephens on Pl., 448. 1 T. R., 40. 3 T. R., 376. 3 Mass., 310. 7 Cranch., 159. 7 Cowen, 330.

In relation to the doctrine of *transit in rem adjudicatam,* a maxim borrowed from the civil law, we are free to admit that it would have been available but for the fraud of those setting it up against the plaintiffs, inducing them to single out one of the joint obligors against whom to take judgment; and we are disposed to carry out the civil law doctrine of the *restitutio ad integrum,* so far as the defendants are concerned, by restoring the plaintiffs, as near as may be, to the same state in which they would have been but for the fraud of the defendants. Of course, we are not to be understood as intending to set aside the judgment against Crowell, in this collateral way. It would have been better, no doubt, for the plaintiffs to have had it reversed or vacated before the second suit was brought. Crowell was not served with process in the last suit, so that there cannot be two judgments against him. That a legal anomaly, two judgments on a joint cause of action, has, by the peculiar circumstances of the case been produced, must be admitted. But who occasioned it? Who is to complain? Crowell will scarcely do so, and the defendants have no right to be querrulous, estopped as they are by their acts and

their own conduct in the premises.   If the plaintiffs in this case were to be turned out of Court, an anomaly far more to be regretted, involving the strongest principles of justice, would arise, viz : a deep, palpable wrong, without a corresponding remedy.   We have argued this case, of course, as it stands upon the pleadings.   Whether fraud *actually* was committed, or not, is a question easily solved by the creation of an issue of fact in the Court below, to which the parties are remitted.

With these views we are of opinion that the judgment of the Court below should be reversed.   It is therefore ordered that it be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Per curiam.*