IGNATIUS POLLAK, AS SURVIVING PARTNER, &C., APPELLANT, VS. W. H. HUTCHINSON, APPELLEE.

1. Where in an action on promises several pleas were interposed and demurred to and the demurrers sustained, and upon the trial verdict and judgment rendered against plaintiff, but there is no bill of exceptions showing the proofs or exceptions made at the trial ; however erroneous the ruling upon the demurrers may

have been, a new trial will not be granted, because it does not appear by the record that the plaintiff's evidence entitled him to a verdict, nor that defendant introduced any evidence under his faulty pleas.

2. However bad the defendant's pleas may be, if it does not appear that he gave any evidence under them at the trial, a verdict against plaintiff will not be set aside on account of the presence in the record of the bad pleas even though they were sustained on demurrer.

3. The ruling of the court suppressing a deposition cannot be examined on appeal unless the deposition is brought up by bill of exceptions so that this court can examine it.

4. Where in a suit against two partners as joint debtors, a final judgment is taken by plaintiff against one of them after default, and upon an issue joined by plea in bar by the other a verdict is had against plaintiff, the plaintiff cannot have a new trial as against the defendant who has pleaded, because in such case he can have but one judgment in one suit.

Appeal from Escambia county.

The facts of the case are stated in the opinion.

*Richard H. Fries* for Appellant.

*John C. Avery* for Appellee.

The CHIEF-JUSTICE delivered the opinion of the court:

Pollak & Co. sued Hutchinson and O'Hara as partners upon an account for goods, &c.

Judgment by default was taken against O'Hara, and Hutchinson pleaded several pleas.

Plaintiff demurred to some of the pleas and as to a portion of them the demurrers were overruled. Plaintiff also moved to strike out pleas and also that defendant be required to elect which pleas he would rely upon, on the ground that the several pleas which had been sustained by the court were inconsistent or contradictory with each

other, which motions were overruled. The court also suppressed a deposition of a witness for. plaintiff. These several rulings were in writing and signed by the Judge.

The parties proceeded to trial, and verdict and judgment were rendered in favor of Hutchinson. Plaintiff then had an inquest as against O'Hara and had verdict and judgment against him for the claim sued on, and now appeals from the judgment in favor of Hutchinson. The errors assigned relate to the rulings upon the pleadings and the suppression of the deposition.

There is no bill of exceptions bringing up the testimony or the deposition so excluded, or exceptions taken at the trial or the charge to the jury. No pleading of the plaintiff was overruled or stricken out except his demurrer to pleas. He appeals for the purpose of obtaining a new trial.

We cannot see how the plaintiff was injured by any ruling upon defendant's pleas, because it does not appear that defendant gave any testimony under the pleas complained of. However bad the pleas may have been, and however erroneous the ruling may have been, yet the plaintiff was not prejudiced by them unless the defendant offered testimony which was admitted by the court under such pleas. For aught that appears the verdict may have been given by reason of the plaintiff's failure to prove his cause of action.. There is no bill of exceptions here showing what he proved or offered to prove at the trial. We do not know what the suppressed deposition contained, for it is not brought here by bill of exceptions, and we cannot therefore examine it to see whether it was improperly excluded.

The record, therefore, does not disclose how the plaintiff has been injured or prejudiced by the supposed erroneous rulings of the court. The precise question was decided in Walter vs. The Fla. Sav. Bank, &c., at this term.

But even if there were errors apparent in the record for which the judgment might be reversed, what would it avail the plaintiff as this case stands? He has taken his final judgment against O'Hara, one of the partners defendant. And the rule is well settled that the plaintiff cannot have two judgments upon the same cause of action, in the same suit, as against two partners or joint debtors.

See Freeman on Judgments, Second Ed., §§231, 232, 234, 235, and the numerous authorities cited.

The judgment is affirmed.