## J. N. HADDOCK, APPELLANT, VS. W. N. WRIGHT, ET AL., APPELLEES.

H. and two others made their promissory note payable to J. R. H. or bearer, upon which R., the bearer, brought suit. Process was served on W. only. At the appearance term 1861 an attorney-at-law appeared for the defendants and continued to appear for them till 1867, when judgment was rendered against the defendants. Execution issued and there were sales of land thereunder at different times from 1871 till 1887. The regularity of the proceedings was not questioned till more than 26 years after the commencement of suit, and more than 20 years after the rendition of the judg_ment, when, after the death of the attorney. H., (in an action of ejectment instituted against R. to recover a part of the land sold,) without offering to show that he had a meritorious defense to the note, or that he had not previously known of the former judicial proceedings and sales thereunder, proposed to show, by his own oath, that he had not been served with process in the former action, and had never employed or authorized the attorney to appear for him therein.

This evidence was excluded.

*Held*, That under the circumstances there was no error in excluding the evidence so offered by H.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*J. B. Christie, A. W. Cockrell & Son* for Appellant.

*C. P. and J. C. Cooper* for Appellees.

MITCHELL, J.: The appellant in this cause, plaintiff below, instituted ejectment proceedings in the Circuit Court of Duval county against the appellees, defendants below, to recover certain real estate situate in the city of Jacksonville.

At the trial the plaintiff introduced evidence tending to

JANUARY TERM, 1889. 203

Haddock vs. Wright et al.—Opinion of Court.

show that he was entitled to recover the land in question, and then rested his case.

The defendants then offered in evidence what purported to be an exemplification of the record of a judgment recovered at law in the Circuit Court of Duval county by the defendant, C. L. Robinson, against the administratix of James L. Winter, deceased, and the appellant, J. N. Haddock and John G. Haddock; execution issued thereon and the Sheriff's deed made under said proceedings under which deed title was claimed by Robinson, one of the defendants; and also the original records of said proceedings. To the introduction of this evidence the plaintiff objected, but the objection was overruled and the evidence admitted.

The plaintiff then proposed to show by his own oath that he had never been served with process in the case of C. L. Robinson vs. James L. Winter et al., and that he had never employed or authorized Wheaton or any one else to appear for him in said cause, which evidence so offered was excluded by the court. It was then, in open court, stipulated by the attorneys of the respective parties that the said land (the land sued for by the plaintiff) was a vacant and unfenced lot in the town of LaVilla until July, 1886, and that the defendants took possession thereof and fenced the same in July, 1886, and not before * *.

The plaintiff being dissatisfied at the ruling of the court in excluding evidence offered by him, and in admitting evidence offered by defendants, took non-suit and appealed.

The statute under which this appeal was taken (chapter 3583, Laws of Florida,) is as follows:

" When, from any decision of the court on the trial of a cause in the Circuit Court, it may become necessary for the plaintiff to suffer a non-suit, the facts, points or decision may be reserved for the decision of the Supreme Court by bill of exceptions, as in other cases."

The records of Duval county before us show that the *præcipe* was filed in case of C. L. Robinson vs. Winter *et. al.*, August 29, 1861, that summons was issued to defendants, James L. Winter, John G. and J. N. Haddock, September 24, 1861, and that the summons was served on Winter the following day, there being no evidence in the record to show that it was ever served upon either John G. or J. N. Haddock. At the appearance term of said cause, Fall Term, 1861, Wheaton, as shown by the record, appeared for all the defendants, the name " Wheaton " being written on the appearance docket in lead pencil.

The declaration was filed October 11, 1861, and was against James L. Winter, John G. Haddock and Joseph N. Haddock.

The action was upon a promissory note, Robinson being the bearer thereof, as follows:

$1,250.

One year after date, we, or either of us, promise to pay J. R. Haddock or bearer, the sum of twelve hundred and fifty dollars, value received. Jacksonville, March 18, 1859.

JAMES WINTER,<br>JNO. G. HADDOCK,<br>JOSEPH N. HADDOCK.

On October 16, 1861, (as shown by the record) the parties to said cause appeared by their attorneys and the case continued, Wheaton appearing for the defendants. The next entry in said cause was March 13, 1866, when the parties appeared by their attorneys (Wheaton for defendants) and case continued.

On October 9, 1866, defendants' attorney, Wheaton, suggested the death of the defendant Winter, and the case was continued.

March 8, 1867, the following appears: " By consent and agreement of counsel, Treasy O. Winter, administra-

trix, &c., is substituted as defendant," Wheaton appearing for defendants.

At the Fall Term of said court, 1867, judgment by default was rendered against Treasy O. Winter, administratrix, &c., and John G. Haddock and Joseph N. Haddock, for the amount of said note, interest and cost of court, Wheaton appearing for the defendants. Execution issued under the judgment against Treasy O. Winter, administratrix, and John G. Haddock and Joseph N. Haddock, April 8, 1867.

There were sales made under the execution as follows: January 2, 1871, February 6, 1871, July 3, 1871, December 4, 1871, and the last March 7, 1887.

The Sheriff's deed to C. L. Robinson, and under which defendants claim title, is dated June 19, 1871.

The first time the correctness or legality of said proceedings (in Robinson vs. Winter *et al.*,) was ever questioned, so far as is shown by the evidence, was in the ejectment proceedings before the Circuit Court of Duval county, June 1, 1887, twenty-six years after the commencement of the suit of Robinson vs. Winter *et al.*, the appellant appears in said cause and contends that he never had his day in court in said cause; that he had never been served with process, and that he had never employed or authorized Wheaton or any other person to appear therein for him, and now makes the same contention before this Court.

The evidence conduces to show that the name of Wheaton appears upon the record of the Circuit Court of Duval county for the defendants in Robinson vs. Winter *et al.*, from the appearance term thereof, fall of 1861, until the rendition of the judgment therein, fall term, 1867. That execution was issued against all the defendants, and that public sales were made thereunder at different times from

1871 to 1887, and the question is, will the appellant now, more than twenty-six years after the commencement of said suit, and more than twenty years after the rendition of said judgment, and after the death of Wheaton, who appeared for him, and long after the note, the basis of said action, is barred by the statute of limitations, be allowed to come in and thus collaterally assail the proceedings and records of said court, and to show by his own oath that they are not correct ? If so, the records of our courts prove nothing, and no man would be safe in buying property at judicial sales. The appellant has not shown, nor has he attempted to show, that he ever had any meritorious defence to said action, nor does he state that he had no knowledge of the proceedings thereon, or of the sales of property under the execution issuing under said proceedings, but bases his claim for reversal of said cause solely upon the ground that he was never served with process in said cause, and that he never authorized Wheaton to appear for him. Time and again during the pendency of said action in Duval Circuit Court, the defendant was adjudged present by his attorney Wheaton, and the appellant now, after his long acquiescence in said judicial proceedings, is estopped from questioning their correctness.

In Budd vs. Gamble, (13 Fla., 277,) this Court held : " We assent to the doctrine that when the statute of limitations has intervened, equity should not relieve against a judgment at law upon the ground that the appearance of an attorney upon which the judgment was based, was authorized.

The plaintiff must show under such circumstances merits as well as irregularity. A plaintiff cannot be held to enquire into and ascertain whether an attorney's appearance is authorized, whenever in open court upon the calling of

the docket, an attorney enters an appearance. When the statute of limitations intervenes and equity enjoins the judgment upon this ground the clear result is to make the plaintiff lose, when he certainly was not in fault. The very least that should be required would be to show the insolvency of the attorney, and while the question is not necessarily involved in this case, we think that merits as well as insolvency should be shown when the statute intervenes."

The appellant contends that the judgment rendered in said cause was illegal, and that the spoliation shown upon the record of the judgment in said cause (as we understand the contention) shows fraud, but we have carefully examined the original records in the case, and whilst the judgment may have been irregular, there is nothing to indicate fraud. The line upon the judgment (upon the court records) that contains the name of Treasy O. Winter, administratrix, seems to have contained some name or matter that was erased, and the name of Mrs. Winter inserted, the writing all apparently being in the hand writing of the then Clerk of the Circuit Court of Duval county. The names of the appellant and his co-defendant, John G. Haddock, appearing plainly upon the record, there being no erasure or interlineation as to either of them. The erasing of whatever might have been on the line of the judgment containing the name of Mrs. Winter, appears to have been in the same hand writing as the other entries and writing thereon, but even if it were in a different hand it argues nothing. If there was any change in the name of any other defendant to the suit it is not shown that the appellant could by any possibility have been injured thereby. The only erasure upon the record was as to the name of Mrs. Winter, and she is not here complaining of any fraud.

It is too late now for the appellant to complain at mere irregularities appearing upon the record. Every fair intendment is in favor of the correctness of the records. All the proceedings were had before Judge Putnam, one of the most careful and conscientious Judges that ever presided over a court, and it would be doing great injustice to his memory to suppose, for a moment, that the proceedings so had before him were not fair in every respect.

The contention that under the agreement of counsel, the defendants, John G. and J. N. Haddock, were dismissed from the cause in Robinson vs. Winter, et al., is not tenable. The record shows that said agreement had no effect upon said suit other than to substitute Mrs. Winter, administratrix, in lieu of her deceased husband.

This seems to have been the intention of the attorneys to the agreement, and it must have been the understanding of the Circuit Judge, otherwise the cause would not have been allowed to proceed as it did under said agreement.

What the views of the several members of this court, as to the law governing cases of this kind, would be where it was clearly shown that the defendant had instituted promptly proper proceedings to open the judgment on learning of the same, it is unnecessary to say.

There was no error in taking the appeal in this cause under the circumstances.

The statute confers this right in all such cases.

We have carefully considered the whole case and see no cause for reversal.

The judgment is affirmed.