E. A. GRAHAM, W. R. BURTON, S. E. LIVINGSTON, H. R. PRIDGEN, R. F. TATUM, CARL DEDEN, J. B. TOWER, AND M. C. HARDEE, AS INDIVIDUALS AND AS COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF THE WHITE ROCK QUARRY COMPANY, *Plaintiffs in Error*, v. JOHN SEWELL AND W. S. MORROW, AS COPARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF JOHN SEWELL DYNAMITE COMPANY, *Defendants in Error*.

Opinion Filed November 22, 1920.

In an action against stockholders of a supposed corporation, where for failure to comply with the statute as to the incorporation, the statute imposes a liability as "members of a general partnership," and the action against the defendants is "as individuals and as co-partners," but some of the defendants are not jointly liable with the others, a joint judgment against them all is erroneous.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment reversed.

*Shutts & Bowen, Lilburn R. Bailey* and *Uly O. Thompson*, for Plaintiffs in Error;

*Price, Price & Small,* for Defendants in Error.

WHITFIELD, J.—The declaration herein is as follows: "JOHN SEWELL AND W. S. MORROW, AS COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF JOHN SEWELL DYNAMITE COMPANY, *Plaintiffs,* v. E. A. GRAHAM, W. R. BURTON, S. E. LIVINGSTON, H. R. PRIDGEN, R. F. TATUM, CARL DEDEN, J. B. TOWER AND M. C. HARDEE, AS INDIVIDUALS AND AS COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF THE WHITE ROCK QUARRY COMPANY, *Defendants.*

"Now comes the plaintiff in the above styled and entitled cause and sues the defendants E. A. Graham, W. R. Burton, S. E. Livingston, H. R. Pridgen, R. F. Tatum, Carl Deden, J. B. Tower, and M. C. Hardee, as individuals and as copartners doing business under the firm name and style of the White Rock Quarry Company, who have been duly summoned herein; and for cause of action says:

"For that, whereas, at the time of the institution of this suit the said defendants were and still are indebted to the plaintiffs in the sum of $3,756.24 for:

"1. Money payable by the said defendants to the plaintiffs for goods, wares, and merchandise sold and delivered by the plaintiffs to the defendants;

"2. And in a like sum upon an account stated between the plaintiffs and defendants;

"3. And in a like sum for moneys lent by the plaintiffs to the defendants at their request;

"4. And in a like sum for moneys received by the defendants for the use of the plaintiffs;

"5. And in a like sum for work done and materials furnished by the plaintiffs to the defendants at the defendants' request.

"Plaintiff avers that although said sums of money are long since past due, yet the defendants have failed and refused to pay the same or any part thereof.

"Wherefore, plaintiffs sue and allege their damages by reason of the premises in the. sum of $5,000.00"

"Exhibit A" contains items entered from August 31, 1916, to December 30, 1917. Thomas Brewer and J. W. Thompson were added as defendants. Judgment was rendered against the defendants as copartners for a stated amount, and the defendants took writ of error.

The defendants were stockholders of a supposed corporation in the forming of which the statutory requirement that duplicate affidavits by the treasurer that ten per cent. of the capital stock had been subscribed and paid shall be filed with the Secretary of State and Clerk of the Circuit Court of the county wherein the principal place of business is located, had not been complied with. Sec. 2652, Gen. Stats 1906, Compiled Laws, 1914. In such cases the statute provides that "the stockholders shall be personally liable for all the corporate debts as if they were members of a general partnership and not stockholders of a corpor ion." Sec. 2652, Gen. Stats. 1906, Compiled Laws, 191 . The liability being that of "members of a general partnership," the rules of partnership liability at common law govern. See Winfield Packing Co. v. Truitt, 71 Fla. 38, 70 South. Rep. 775; Mechanics & Metals Nat. Bank v. Angel, 79 Fla. 761, 85 South. Rep. 675.

The action being against the defendants "as individuals

and as copartners," the liability of all as alleged must be shown. Rentz v. Live Oak Bank, 61 Fla. 403, 55 South. Rep. 856.

It appears that some of the defendants were not stockholders when some of the items of indebtedness were incurred, and as under the statute their liability is that of partners and not stockholders, the liability of each is not joint, no special agreement or *circumstances* imposing joint liability on all of the defendants being shown. All the defendants not being jointly liable for all the items a joint judgment against all of them is erroneous.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.