J. M. MARKLEY, HUGH ANDERSON, R. B. LEONARD, AND J. V. RILEY, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF MIAMI BLOCK COMPANY, *Plaintiffs in Error*, v. I. E. SCHILLING COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed June 3, 1926.

Petition for rehearing denied July 3, 1926.

*Burdine & Barco* and *Edward E. Fleming*, for Plaintiffs in Error.

*Stapp, Vining & Ward, M. S. Bolet, Hudson & Carson,* and *Myers & Myers*, for Defendant in Error.

PER CURIAM.—Assumpsit on an account running between May 6, 1921 and June 24, 1921, was brought against J. M. Markley, Hugh Anderson, R. B. Leonard and J. V. Riley, co-partners doing business under the firm name and style of Miami Block Company. Markley, Anderson and Leonard

pleaded: never were indebted as alleged and also "that at the time of the alleged right of action the plaintiff accrued and at the time of the institution of this suit, the said defendants nor either of them were partners of or interested in any way with the said co-partnership doing business under the name of MIAMI BLOCK COMPANY."

Riley pleaded: never was indebted as alleged. Verdict and judgment were rendered against all of the defendants as co-partners for the full amount of the running account. Writ of error was taken by the defendants.

Articles of incorporation to the Miami Block Company were issued in January 1921, upon the application of the defendants and one other person who were incorporators and subscribers to the capital stock. Nothing further appears to have been done under or pursuant to the charter. Under the statute, Section 4054, Revised General Statutes of 1920, the stockholders are liable as members of a general partnership, the requirements of the statute not having been complied with; but it appears that notice was brought home to the plaintiff on May 21, 1921, that the defendants Markley, Anderson and Leonard were out of the Miami Block Company, therefore, Markley, Anderson and Leonard were not liable for items of indebtedness incurred after May 21, 1921. The joint judgment against all the defendants for the entire account is erroneous. See Winfield v. Truitt, 71 Fla. 38, 70 South. Rep. 775; Graham v. Sewell, 80 Fla. 720, 86 South. Rep. 639; Mechanics & Metals Nat. Bank of City of New York v. Angel, 79 Fla. 761, 85 South. Rep. 675; Charles v. Young, 74 Fla. 298, South Rep. 869.

Reversed.

WHITFIELD, TERRELL AND BUFORD, J. J., concur;

BROWN, C. J., AND ELLIS, J., concur in the opinion.