MERCHANTS & MECHANICS BANK, a Corporation, *Appellant,* v. J. W. SAMPLE, *Appellee.*

Division B.

Opinion filed October 23, 1929.

Petition for rehearing denied December 9, 1929.

*Cole & Dyer,* for Appellants;

*H. S. Phillips* and *Robert T. Dewell,* for Appellee.

BUFORD, J.—N. A. Perry was the holder of a note which was the joint and several obligation of Frank Bryson and J. W. Sample. The note was originally for the sum of $8300.00. After part payment Perry brought suit in the Civil Court of Record of Hillsborough County, Florida, against Frank Bryson and J. W. Sample jointly for the unpaid balance of the obligation.

Declaration was filed October 4th, 1926. Both defendants appeared by counsel on November 1st, 1926. Sample filed a plea of payment December 6th, 1926. Bryson failed to plead and default was entered against him on December 1st, 1926, by order of court made that day.

At the succeeding term of the court in January plaintiff moved for a judgment against Frank Bryson on default. A

jury was impaneled; trial was had and, upon verdict being rendered, judgment was entered against Bryson for the total sum of $4765.33.

Thereafter, on March 23rd a *praecipe* was filed by the plaintiff requesting that the cause be docketed for trial at the next term of the court, which was done. And, on April 12th, the case being again called for trial, a jury was impaneled and trial was had, which resulted in a verdict against Sample for the full amount of $4869.22 with costs. A transcript of the judgment against Sample was filed for record and recorded in the foreign judgment docket of the public records of Polk county, in which county Sample owned lands.

Sample filed a bill in the Circuit Court of Polk County to cancel the record of the judgment and set aside the judgment as being void and of no effect, alleging that the record of the same was a cloud on his title to lands in Polk county.

There are several assignments of error, but the only one which presents any serious question is the one which is based upon the action of the court in overruling a demurrer interposed by Merchants & Mechanics Bank, which bank had been allowed to intervene as a defendant as the assignee of Perry to the judgment sought to be canceled.

The question presented by the demurrer for our consideration is whether the judgment against Sample in the Civil Court of Record of Hillsborough county was a void judgment or a voidable judgment.

When the suit was brought by Perry he elected to enforce the obligation as the joint obligation of Bryson and Sample. Having so elected, he was entitled to only one judgment. See Pollak, as surviving partner, etc., v. Hutchinson, 21 Fla. 128; Ferrall et al. v. Bradford, 2 Fla. 508.

In Jonas et al v. Burks, 87 Fla. 68, 99 So. R. 252, Mr. Justice ELLIS, speaking for the Court, says:

762

"But if the liability is alleged to be upon a joint contract proof of a several contract will constitute a fatal variance as there is no statute in this State changing the rule. See Rentz v. Live Oak Bank, 61 Fla. 403, 55 So R. 856; Tomlinson v. Peninsular Naval Stores Co., 61 Fla. 453, 55 So. R. 548; Mechanics and Metals Nat. Bank of City of New York v. Angel, 79 Fla. 761, 85 So. R. 675; Graham v. Sewell, 80 Fla. 720, 86 So. R. 639; 11 Stand. Ency. Proc. 1049."

In Freeman on Judgments, 5th Ed., page 189, it is said:

"If plaintiff alleges a joint contract he must prove it, in order to recover against any of the defendants. Where a joint liability is charged and plaintiff dismisses as to some of the defendants, a judgment against the remainder without an amendment of the declaration is erroneous as against an objection for variance. Furthermore, it has been held that if the plaintiff elects to serve and take judgment against less than all the defendants sued on a joint obligation he may not afterward bring a new action against those not served, since to this extent the common-law rule that the obligation merges in the judgment still remains in force. But the question whether a judgment for or against one joint obligor releases or merges the obligation as to the others is discussed in another connection."

And, again the same writer, on page 1198, says:

"The cause of action being joint, the plaintiff can not be allowed to sever it against the objection of any of the defendants. By taking judgment against one, he merges the cause of action as to that one, and puts it out of his power to maintain any further suit, either

against the owners severally or against all combined. A different conclusion was announced by Chief Justice MARSHALL in the case of Sheehy v. Mandeville, 6 Cranch (U. S.) 253, 3 L. Ed. 215. He there held that a judgment against one of the makers of a joint note did not merge it as to the other maker. Notwithstanding the respect everywhere entertained for the opinions of this great jurist, this particular one was rarely assented to in the State courts, was doubted and criticised in England, and, after many years, was directly overruled in the same court in which it was pronounced. The cases in accord with it are few, while those which oppose it are very numerous.

"The general rule has been applied where the judgment was by confession. And where in an action against several joint contractors the plaintiff takes a default judgment against one or more of them he is thereby estopped, in the absence of contrary statute, from proceeding further against the others, though it has been held that the mere taking of a default without entering judgment thereon does not bring about this result; and neither is the rule applicable when a default judgment against one is set aside or where a default judgment against all the debtors is opened as to one, against the plaintiff's objections."

And again the same writer says on page 2653:

"We have elsewhere fully discussed the common law and statutory rules governing the rendition and entry of judgment in actions where there are several defendants. In general, the rules there stated are applicable to judgments by defaults and the statements here made must be considered in connection with that discussion. As there shown, the common law rule has

been modified by codes and statutes either directly or indirectly affecting the right to proceed separately against joint debtors. But except as thus modified the general rule is that final judgment must go against all or none of the defendants unless some of them have a purely personal defense, and though one or more defendants default they are entitled to the benefit of any general defense made by the others. If the cause of action or liability pleaded is merely joint and not several, a defense by one, not purely personal, is effective as to all. This is true even in a *tort* action where the *tort* is regarded as merely a joint and not a separate one, as in case of an action by a stockholder against the members of a board of directors for their negligence collectively as a board in retaining a cashier of a bank after knowledge of his utter inefficiency.

''No judgment may be taken as to those defendants in default until the issues raised by the other defendants have been disposed of, and if judgment goes against the latter it must also include the defendants in default. Though it may not be essential, the proper practice is to enter a default or an interlocutory judgment against those in default. The case then is finally disposed of as to all the defendants upon the hearing or trial upon the issues made by those who appeared. If a portion only of the defendants have been served it is error to proceed to judgment by default against them alone without regard to those not served. And a judgment by default against two defendants, only one of whom has been summoned, is erroneous, and will be reversed as to both when the cause of action is joint. So if all the defendants have been served and are in default, it is error to enter judgment against part of them.''

And so it is that we find that the judgment taken against Bryson was erroneous and should have been reversed on proper proceedings looking to that end. There are two reasons for this. One is that it was not proper to take a judgment against one joint defendant, and the other is that the judgment was taken when a plea was on file by a joint defendant pleading payment of the obligation, which plea, if proven, would discharge all defendants.

Inasmuch, however, as this was a final judgment of record entered in the cause the plaintiff was in no case entitled to another and additional judgment in that cause and the defendant Sample could have pleaded that judgment in bar to any further judgment in that cause of action under the status of the pleadings. See Pollak, etc., v. Hutchinson, *supra.*

In the case of Suydam v. Barber, the Court of Appeals of New York, 18 N. Y. 468; 75 Am. Dec. 254, say:

"According to the common law of this State, a judgment against one of several joint debtors, obtained in an action against him alone, is a bar to an action against the others. Robertson v. Smith, 18 Johns. 459 (9 Am. Dec. 227); Pierce v. Kearney, 5 Hill 82; Olmstead v. Webster, 8 N. Y. 413. It is held to be a bar upon the ground that, by the recovery of the judgment, the promise or cause of action as to the party sued has been merged and extinguished in the judgment 'by operation of law, at the instance and by the act of the creditor.' This is plainly founded upon the nature and force of a judgment under our law and not upon the idea that the creditor is deprived of his right for any other reason than that by the first suit and judgment he has placed himself in a position where he is unable, legally, to assert or enforce his demand. We can easily conceive that the Legislature might alter this rule, and

enact that a judgment against one of several debtors should have no such effect. Such a law would be a mere modification of the remedy afforded by our own legal process, and would be within the legislative authority of the State. These observations are made as showing that the consequences of a judgment, in respect to its effect as a merger or extinguishment of the original demand, are a part of the law under which the judgment itself is rendered, just as much as are those other common consequences of judgments, that a party may have execution upon them, and that they are not re-examinable on the merits of the controversy determined by them.''

See also Hunt v. Bates, 7 Rhode Island 217, 82 Am. Dec. 592. And so it is, we find that the judgment entered against Sample was so erroneously entered and upon proper proceedings should have been reversed, but it appears to have been the result of erroneous procedure in a court of competent jurisdiction, having jurisdiction of the parties and of the cause. In Peacock et al. v. Feaster et al., 52 Fla. 565, 42 So. R. 889, this Court, speaking through Mr. Justice TAYLOR, say:

''Where a party goes into chancery after a trial at law he must be able to impeach the justice and equity of the verdict, and it must be upon grounds which either could not be made available to him at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the other party, without any negligence or other fault on his part.

''A court of equity will not, on the application of the defendant in a judgment at law, who has had a fair opportunity to be heard upon a defense over which the court pronouncing the judgment had full jurisdiction,

set aside the judgment or enjoin its enforcement simply on the ground that it was unjust, irregular or erroneous, or because the equity court would, in deciding the same case, have come to a different conclusion.

"Equity will not relieve against a judgment at law on account of any ignorance, unskillfulness, or mistake of the party's attorney, unless caused by the opposite party, nor for counsel's negligence or inattention. The fault is in such cases attributed to the party himself. The neglect of an attorney to plead a valid and proper defense, or to attend the trial, either intentionally or through forgetfulness, furnishes no ground for relief against a judgment. Neither is it an adequate ground for relief in equity that the counsel neglected to assign errors, or to take any other requisite step on an appeal or writ of error in the case.

"A court of equity will not entertain a party seeking relief against a judgment at law in consequence of his default upon grounds which might have been successfully taken in the law court, unless some reason founded in fraud, accident, surprise, or some adventitious circumstances beyond the control of the party be shown why the defense at law was not made. To entitle a party to relief in equity against a judgment on account of the loss of his defense, it must be shown that it was occasioned by the fraud or fault of the adverse party, or by his own mistake, unmixed with any negligence or fault of himself, his counsel or agents. 1 Black on Judgments (2nd Ed.), Secs. 366 to 387 and authorities there cited."

In Wilds v. State of Florida, 79 Fla. 575, 84 So. R. 664, this Court say:

"Where the court has not acquired jurisdiction of the subject matter and of the parties affected by the

judgment or decree entered such judgment or decree is void and may be so held in a collateral proceeding.

"If the court has acquired jurisdiction of the subject matter and of the parties the judgment or decree entered is binding even though erroneous because of irregularity of procedure, and such judgment or decree will not be set aside, reversed or modified except by appropriate direct appellate procedure."

See Torrey v. Bruner et al., 60 Fla. 365, 53 So. R. 337; Lucy v. Deas et al., 59 Fla. 552, 52 So. R. 515.

In the case of Lucy v. Deas et al., *supra,* the Court say:

"A void judgment is a nullity and may be attacked collaterally, but a judgment is not void if the court as organized legally existed and had jurisdiction of the subject matter and of the parties. Where by fraud practiced in litigation the court apparently had jurisdiction of the cause and of the parties, but in reality the court had no jurisdiction of the subject matter or had no jurisdiction of the adverse party because he was not duly served with notice or otherwise, or did not have a hearing or opportunity to be heard on account of fraud practiced on him, the trial is not one of adversary rights in a proper subject matter and the judgment is null and void *in toto.* But where the court is legally organized and has jurisdiction of the subject matter and the adversary parties are given an opportunity to be heard by the actual or constructive service on them of notice of the litigation as required by law, any errors or irregularities or even wrong-doing in the proceedings short of an illegal deprivation of an opportunity to be heard will not render the judgment void."

And so it is that the judgment sought to be canceled not appearing to be a void judgment, but appearing only to be an irregular and erroneous judgment, the court of chancery is without authority to vacate and set aside the judgment, there being no fraud shown to have been practiced in or about the procuring of such judgment, and, therefore, the demurrer to the bill of complaint should have been sustained and the bill dismissed. The order appealed from should be reversed with directions for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.

ON PETITION FOR REHEARING.

Division B.

Opinion filed December 9, 1929.

*Cole & Dyer,* for Appellant;

*Herbert S. Phillips* and *Robert T. Dewell,* for Appellee.

PER CURIAM.—In an action against Bryson and Sample as joint obligors, a plea filed by Sample and final judgment on default was rendered against Bryson. At a subsequent term of the court judgment was rendered against Sample on his plea, he not appearing at the trial. *Held:* That the judgment against Bryson did not exhaust the jurisdiction of the court over the cause and the parties, and the plea of Sample remaining undisposed of after the judgment against

Bryson, the cause was carried forward as matter of law to the succeeding term without special order, and even though the judgment against Bryson alone be erroneous, the judgment against Sample at the subsequent term if erroneous is not void and subject to collateral attack.

Rehearing denied.

ON PETITION FOR REHEARING.

Division B.

Opinion filed December 9, 1929.

PER CURIAM.—When final judgment was rendered against Frank Bryson on his default, the plea of J. W. Sample remained undisposed of and no judgment was rendered in favor of or against J. W. Sample in the cause; and though the judgment rendered against Bryson may be erroneous, the cause remained undetermined at least as to Sample and the judgment against Bryson did not relieve Sample of his duty to protect his interest in the cause while his plea remained undisposed of and no judgment for or against him was rendered in the cause. The cause being undetermined as to Sample, it was subject to proper disposition at a subsequent term of the court, and the judgment rendered against Sample at the next term of the court, if erroneous, is not void, since the court had jurisdiction of the cause and of the parties, and the law does not make a merely erroneous judgment void.

In a cause entitled "N. A. Perry, Plaintiff, v. J. W. Sample, Defendant," a plea of discharge and satisfaction was filed by J. W. Sample alone. In a cause entitled "N. A. Perry, Plaintiff, v. Frank Bryson, Defendant," a verdict and judgment were rendered against Frank Bryson alone.

At the next term, in a cause entitled "N. A. Perry, Plaintiff, v. Frank Bryson and J. W. Sample, Defendants," a verdict found "for the plaintiff and against the defendant," and judgment on the verdict was rendered against "the defendant, J. W. Sample."

The judgment rendered against Frank Bryson without move, and the expiration of the term of the court, did not exhaust the jurisdiction of the court in the cause wherein Frank Bryson and J. W. Sample were defendants and wherein the plea of J. W. Sample was pending and no judgment in the cause rendered for or against J. W. Sample. The cause was undetermined and was carried forward as matter of law to the succeeding term without any special order; see *ex parte* Williams, 26 Fla. 310, 8 So. R. 425; and the cause was properly held for disposition at the succeeding term of the court, the jurisdiction of the court over the cause and the parties continuing until the final disposition of the cause.

Even though the judgment against Bryson at the previous term be erroneous, it did not exhaust the jurisdiction of the court at least as to Sample whose plea in the cause was undisposed of, and no judgment in the cause had been rendered for or against the defendant, J. W. Sample. The judgment against Bryson did not discharge Sample from the jurisdiction of the court in the cause, or finally dispose of the cause at least as to J. W. Sample, so the cause stood for final disposition until determined or otherwise duly disposed of as a pending cause.

Rehearing denied.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissenting:

772

Upon further consideration I am inclined to the opinion that the court's jurisdiction was exhausted by the rendition of the first judgment, and the expiration of the term of rendition without further action; and that the second judgment rendered at a subsequent term was therefore void, and subject to the attack made; and hence rehearing should be allowed.