KAPNER, LEWIS, Associate Judge
(dissenting):
In 1978, defendant, a minor, and her mother were sued in a foreclosure action. This resulted in a summary judgment being entered against both of them. Defendant was not served in accordance with Section 48.041(1), Florida Statutes (1977).[1] Instead, the defendant’s father, with whom defendant was not living at the time, was served. Furthermore, the trial court in the previous action did not appoint a guardian ad litem as required by Florida Rule of Civil Procedure 1.210(b).
Defendant’s mother, a co-owner of the property and a co-defendant in the first suit, appeared on behalf of herself and of defendant. (Everyone assumed defendant was properly served.) The child and her mother fully participated in the lawsuit; both were represented by the same attorney.
*59 Subsequent to the foreclosure judgment, the title company discovered the defective service and filed the instant action to remove doubts as to the status of the title. Plaintiff claims that the previous action is res judicata and the foreclosure judgment should be binding on defendant as it is on defendant’s mother. (There is no issue regarding the binding effect of the judgment against defendant’s mother.) Defendant claims that because of the improper service and the failure to appoint a guardian ad litem, the previous court had no jurisdiction over her and, therefore, the judgment is not binding against her.
Defendant has not previously objected to this service and failure of the court to appoint a guardian ad litem; indeed, to this date, defendant has not sought to set aside the previous judgment. Instead, as a defense to this action she relies on her contention that it is void, of no effect.
In the instant case, the trial court entered a summary judgment in favor of plaintiff (appellee) holding that the previous judgment is res judicata.
I would affirm because defendant, through her parents, was aware of the action and, more specifically, she as well as her mother, with whom she was in privity, fully participated in the previous proceeding. Under such circumstances, defendant is deemed a party bound by the previous judgment. See Haddock v. Wright, 25 Fla. 202, 5 So. 813 (1889); The Merchants and Mechanics’ Bank v. Sample, 98 Fla. 759,124 So. 49, rehearing denied, 98 Fla. 759, 125 So. 1 (1929); Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927); Town of Lake Hamilton v. Hughes, 160 Fla. 646, 36 So.2d 260 (Fla.1948); see generally, 33 Fla.Jur.2d Judgments & Decrees, particularly, §§ 148-153, 221, 222, 333, 335, 362, 405, 413 (1982).
Additionally, by not timely seeking to set the previous judgment aside, see Fla.R. Civ.P. 1.540, defendant is properly held es-topped from now claiming that the judgment is of no effect. Budd v. Gamble, 13 Fla. 265 (1870), 33 Fla.Jur.2d Judgments & Decrees, § 414, n. 88 (1982). The case of Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982) is on point. In that case a default judgment was entered against the defendant but, as in this case, service was defective. Defendant filed a motion to vacate, which was denied, after which he filed a motion to quash service. The trial court found that although the service was defective, defendant waived the defect because he (defendant) failed to timely object. The appellate court affirmed, holding:
A defendant wishing to contest personal jurisdiction must do so in the first step taken in the case, whether by motion or in a responsive pleading, or that issue is waived and defendant has submitted himself to the court’s jurisdiction.
In the instant case, defendant has taken no action whatsoever in the previous case to contest personal jurisdiction. She fully participated in the law suit, thereby submitting herself to the court’s jurisdiction. She was in privity with her mother who concededly is bound by the previous judgment.
I would affirm.

. (1) By reading the process to the minor or incompetent to be served and to the person in whose care or custody the minor or incompetent is and by delivery of a copy thereof to such person in whose care or custody the minor or incompetent is and by further serving said process on the guardian ad litem or other person, if one is appointed by the court to represent the minor or incompetent. Service on the guardian ad litem is unnecéssary when the guardian ad litem appears voluntarily or when the court orders him to appear without service of process on him.