JOSHUA HUNT and another *v.* FREDERICK R. BATES.

Judgment in trover, for the full value of goods converted, against one of two joint tort feasors, is, without execution or satisfaction, a bar to an action of trespass by the same plaintiffs, against the other.

TRESPASS for taking and carrying away certain woolen machinery, tools, and dyeing apparatus, and certain white and colored cotton, belonging to the plaintiffs as assignees of the late firm of Hunt, Farnum & Co., and which had been attached and taken from the possession of the plaintiffs, in Massachusetts, by one Joshua Lathrop, Jr., a deputy sheriff, upon a writ issued out of the Superior Court in that State, at the suit of the defendant, against said Hunt, Farnum & Co.

The general issue had been pleaded, with liberty to give all special matters in defence under it, and the case was tried by the court, to whom it was submitted in law and fact. At the trial, several matters were urged in defence to the action and in diminution of damages, and, especially, that the attachment was made without the orders of the defendant,—plaintiff in the attachment suit,—and contrary to his instructions to his attorney. It is unnecessary, however, to give a detailed statement of these, inasmuch as the main defence, and that upon which the judgment of the court turned was, that at the September term of this court, 1861, for the county of Providence, the plaintiffs had recovered judgment in trover against Lathrop, the deputy sheriff, upon precisely the same cause of action, although no execution had issued upon the judgment, and it remained completely unsatisfied : see *Hunt and another* v. *Lathrop. Supra.* 58.

*Blodgett, with whom was Eames, for the defendant,* contended, that the former judgment of the plaintiffs against the officer, for full damages for the same tort, merged the cause of action, and vested the property in the goods taken, in the officer. 1 Chit. Pl. 87, 89 ; *Boyce* v. *Bayliffe,* 1 Campb. 61 ; *Warden* v. *Bailey,* 4 Taunt. 87, Lawrence, J. ; Cro. Jac. 74 ; *King* v. *Hoare,* 13 M. & W. 504, Parke, Baron ; Buller, N. P. 20 ; Com. Dig. Action,

K, 4 ; 6 Bac. Abr. 590, Tit. Trespass ; 5 Ib. 441, Tit. Pleas and Pleadings.

In trespass and trover, a judgment for full damages for the property taken vests the title to it in the defendant, without execution or satisfaction. *Broome* v. *Wooton*, Cro. Jac. 74; Moore, 762 ; *Adams* v. *Broughton*, 2 Stra. 1078 ; Andr. 18 ; *Lacon* v. *Barnard*, Cro. Car: 35 ; *Smith* v. *Gibson*, Cas. Temp. Hardw. 303 ; *King* v. *Hoare*, 13 M. & W. 502–3 ; *Buckland* v. *Johnson*, 15 C. B. Rep., 80 Eng. C. L. Rep. 145, 159, Jervis, C. J. ; *Barnett et al.* v. *Brandao*, 6 Mann & Grang., 46 Eng. C. L. Rep. 640, n. a ; 1 Starkie on Ev. 1280, 1281, 1503, 1504 ; *Carlisle* v. *Burley*, 3 Greenlf. Rep. 250 ; *White* v. *Philbrick*, 5 Ib. 177 ; *Loomis* v. *Greene*, 7 Ib. 386 ; *Harrington* v. *Fuller*, 6 Shepl. 277 ; *Murrill* v. *Jackson's adm'r*, 1 Hen. & Munf. 449 ; *Wilkes* v. *Jackson*, 2 Ib. 355 ; *Norris et al.* v. *Buckley*, 2 Comstock (Sup. Ct.) R. 228 ; *Rogers et al.* v. *Moore*, 1 Rice (S. C.) Rep. 62 ; *Johnson* v. *Parker*, 1 Nott & McCord. 1 ; *Wilbur* ad sect. *Bogan*, 1 Spears, 179 ; *Floyd* v. *Brown*, 1 Rawle, 121 ; *Marsh* v. *Pier*, 4 Ib. 273 ; *Fox* v. *The Northern Liberties*, 3 Watts & Serg. 107 ; Merritt's Estate, 5 Ib. 117 ; 1 Hilliard on Torts, 50, 51 ; 2 Ib. 460 ; 3 Dane's Abr. 185, ch. 77, Trover ; 1 Chit. Pl. 146, marg.

*James Tillinghast, for the plaintiffs:*—

The only decided case in England, as distinguished from *dicta*, is that of *Broome* v. *Wooton*, Yelv. 67, Cro. Jac. 73, Moore, 762 ; and in that case execution had issued upon the judgment, and so the party had elected. The case in Meeson & Welsby was one of a joint contract ; whereas, it is agreed, that a tort is joint and several. The judgment against one tort feasor, to bar an action against another, must have been satisfied. *Cocke* v. *Jennor*, Hob. 66 ; *Corbet* v. *Barnes*, Wm. Jones, 377 ; *Bird* v. *Randall*, 3 Burr, 1345 ; *Livingston* v. *Fisher*, 1 Johns. R. 290 ; *Sheldon* v. *Kibbe*, 3 Conn. 214 ; *Sanderson* v. *Caldwell*, 2 Aiken, 195 ; *Campbell* v. *Phelps*, 1 Pick. 62 ; *Stewart* v. *Martin*, 16 Verm. 397 ; *Knott* v. *Cunningham*, 2 Sneed (Tenn.) Rep. 204 ; *Page* v. *Freeman*, 19 Missou. R. 421.

BRAYTON, J. The defendant is sued in trespass, for taking and carrying away and converting to his own use the property

of the plaintiffs. The property was actually taken by one Joshua Lathrop, a deputy sheriff, upon a writ against Hunt, Farnum & Co., wherein the now defendant was plaintiff, and his liability to this suit is claimed to arise from his command to the officer to attach the property in question. It was, at the time, the property of the plaintiffs, and not of the defendants in that writ. After the attachment, the plaintiffs prosecuted an action of trover against Lathrop for this wrongful attachment, alleging a conversion of the property to his, Lathrop's, own use, and recovered judgment against him for the full value of the goods and chattels attached. Judgment, however, has not been satisfied; and the question is, if, without satisfaction, it is a bar to a subsequent action for the same goods.

In cases of joint contract, the judgment alone, against one, will bar any suit against a co-contractor, because, as it is said, the cause of action is changed into matter of a higher nature,—*transit in rem judicatum*,—and this is always the case when there is but one cause of action. In joint contracts there can be but one cause of action; since there is but one contract, and by the suit against one, it becomes merged in the judgment; and no cause remains, whereon another suit will lie against any one. *Ward* v. *Johnson*, 13 Met. 188; *King* v. *Hoare*, 13 M. & W. 493. On the contrary, when the contract is several, as upon a joint and several bond, the plaintiff may have his action against each of the obligors,—the liability of each being distinct from, and independent of, the others. In such case the judgment against one is no bar to a suit against another, because the causes of action are distinct. The promise or obligation of each is his only. The cause of action, the promise of A, could never merge in a judgment against B, nor could it be changed into matter of a higher nature except in a suit against A, whose promise only it is. *Crawley* v. *Lidgeat*, Cro. J. 338; *Claxton* v. *Swift*, 3 Mod. 86; *Whiteacres* v. *Hamkinson*, Cro. Car. 75. The judgment in these cases must, in order to constitute a bar, be satisfied by the judgment debtor. Satisfaction of the judgment will discharge not only that judgment, but will operate as a release of every cause of action or suit collateral to it, whether against the same defendant or any other. Judgment against a drawer is no

bar as to an endorser, without satisfaction. *Claxton* v. *Swift*, 3 Mod. 86.

In *Broome* v. *Wooton*, reported Yelv. 67, Cro. Jac. 73, Moore, 762, the suit was trover for plate; plea, former recovery of judgment against J. S. for the same plate. Though the judgment was not satisfied, it was agreed that it was a good bar. Popham, in this case, said : " If one hath judgment to recover in trespass against one, and damages are certain, although he be not satisfied, he shall not have a new action again for this trespass. By the same reason, *e contra*, if one hath cause of action against two, and obtain judgment against one, he shall not have remedy against the other; and the difference," as he says, " betwixt this case and the case of debt and obligation against two is, because *there* every of them is chargeable for the entire debt, and therefore a recovery against one is no bar against another, till satisfaction." He here distinguishes between a tort by several, and an obligation joint and several, where each is severally liable for the entire debt, and upon his several promise. The authority of this case is impliedly recognized in *Lacon* v. *Barnard*, Cro. Car. 35, which was a suit in trover for certain sheep ; plea, that the plaintiff had recovered judgment in an action of trespass, alleging a conversion of the same sheep, and judgment still in full force. To avoid the bar of this judgment, the plaintiff replied, that the damages were only recovered for the *taking and detention*, and not for the conversion. It was conceded, that if damages had been given for the conversion, and judgment therefor, the plaintiff would be barred ; but as the judgment was not for that, the replication was sufficient.

In *Adams* v. *Broughton*, Andrews, 18, which was also an action of trover ; the plea was a former judgment in trover against one Mason, for the same goods. The court, in this case, said :— " The property in the goods was altered by the judgment. The damages recovered are the price of the goods, and Mason has the same property as the plaintiff had, and this against all the world. The plaintiff cannot say the goods are his." The damages in this case were for the conversion of the goods to the use of Mason, and their entire loss to the plaintiff. This was the cause of action merged in the judgment. It was not replevin, or

detinue for the goods themselves, but a suit to recover their value, and assumed that they were no longer the goods of the plaintiff, but had, wrongfully, it is true, but actually by the conversion, become the goods of the defendant.

The authority of the case of *Broome* v. *Wooton* is recognized by Baron Parke, in delivering judgment in *King* v. *Hoare*, 13 M. & W. 494. The case with which Baron Parke was dealing was one of joint contract, in which the plea was by one of the debtors, of a former recovery against the other for the same debt; and on page 504, he says: "If there be a breach of contract, or wrong done, or any other cause of action by one against another, and judgment be recovered in a court of record, the judgment is a bar to the original cause of action, because it is thereby reduced to a certainty, and the object of the suit attained, so far as it can be at that stage; and it would be useless and vexatious to subject the defendant to another suit for the purpose of obtaining the same result. Hence the legal maxim,—*transit in rem judicatam;* the cause of action is changed into matter of record, which is of a higher nature, and the inferior remedy is merged in the higher. This appears to be equally true when there is but one cause of action, whether it be against a single person or many. The judgment of a court of record changes the nature of that cause of action, and prevents its being the subject of another suit; and the cause of action, being single, cannot afterwards be divided into two;" and referring to, and commenting upon this case of *Broome* v. *Wooton*, as one that decides that if two commit a joint tort, the judgment against one is, of itself, without execution, a sufficient bar to an action against the other for the same cause, says: "We do not think that the case of a joint contract can be distinguished, in this respect, from a joint tort. There is but one cause of action in each case." "Whether the action is brought against one or two, it is for the same cause of action." The only difference is, that if one joint debtor be sued alone, he may plead in abatement the non-joinder of his co-contractor, which a joint tort feasor cannot do. This difference arises, not from the fact that there is more than one cause of action, but that one joint wrong doer cannot call upon the other for contribution to the damages recovered.

In the case of *Buckland* v. *Johnson*, 15 C. B. (6 J. Scott,) 80 Eng. C. L. 145, the goods of the plaintiff had been wrongfully converted by the defendant and his son jointly, by selling them. The proceeds of the sale were received by the defendant alone. The suit against the defendant was for the moneys received for the sale of the goods, as money had and received to the plaintiff's use, and he was also charged with converting the plaintiff's goods. The plaintiff had sued the son alone, and recovered £100 as the value of the goods converted, but had not obtained satisfaction. This matter was pleaded by the defendant, and the court adjudged it a sufficient answer. Jervis, C. J., in delivering judgment, says: "The authorities show, that if the son had received this money as well as converted the goods, and Buckland had sued him in trover and obtained judgment against him, though it had produced no fruits, that judgment would have been a bar to another action against him for money had and received. Upon the same principle, if two jointly convert goods, and one of them receives the proceeds, you cannot, after a recovery against one in trover, have an action against the other for the same conversion, or an action for money had and received, to recover the value of the goods, for which a judgment has already passed in the former action." He quotes and adopts the reasoning of Baron Parke, in *King* v. *Hoare*, and says, in conclusion: "The right of action is merged in the judgment. It is the *judgment* that disposes of the matter, and not the *payment*." He had before said: "The whole fallacy of the plaintiff's reasoning is his losing sight of the fact, that by the judgment in the action of trover, the property in the goods was changed by relation from the time of conversion; and that, consequently, the goods, from that moment, became the goods of Thomas B. Johnson, (the son), and when the defendant received the proceeds of the sale, he received the son's money,—the property of the goods being then in him." Maule, J., in the same case, says of the plaintiff:— "Having his election to sue in trover for the value of the goods, or for the proceeds of sale as money had and received, he elected the former, and has obtained judgment. He has, therefore, got what the law considers equivalent to payment, viz.: a judgment for the value of his goods. The circumstance that the present

Hunt and another *v.* Bates.

defendant was a joint converter, or a stranger, makes no difference. If he were a stranger, the plaintiff, having once recovered in respect of the same goods, cannot recover again the same thing against anybody else. There is an end of the transaction. Having recovered a judgment, his remedy is altogether gone; his claim was satisfied as against all the world."

The learned editor of Yelverton, in a note to the case of *Broome* v. *Wooton,* says, the point decided in that case has never been otherwise decided. There is no case,—we find none,— in which it has been expressly held, that a judgment against one joint trespasser, without satisfaction, will not bar a suit against the other. There are cases where the judgment had been satisfied, in which it was held that judgment and satisfaction will bar, and where stress is laid upon the fact that the judgment was satisfied. Morton's case, Cro. E. 30; *Lendal* v. *Penfield,* 1 Leon. 19; *Hitchcock* v. *Thurland,* 3 Ib. 122; *Cooper* v. *Shepherd,* 54 E. C. L., 3 M. G. & S. 267. These cases are consistent with the case in Yelverton, and the doctrine announced by Baron Parke, and afterwards by Jervis, C. J. Judgment and satisfaction would bar another suit against any party jointly liable. It would also bar every concurrent remedy for the same thing, even when no joint action would lie. But this is not inconsistent with the idea, that a judgment against one of two persons jointly guilty will, without payment, bar any further suit against the other. There are cases, also, in which, it has been held, that it cannot be pleaded in abatement by one tort feasor, that another, jointly guilty, has not been joined as defendant; Carthew, 96; Com. Dig., Abatement, F, 8; and that such omission is no ground for a motion in arrest of judgment, though the omission appear by the record. *Baker* v. *Martin,* Styles, 20.

There is the case of *Corbet* v. *Barnes,* W. Jones, 377, where several judgments were rendered against persons jointly guilty. Judgment against Hill, for an assault and battery, was recovered in the common bench in London, and afterwards, a judgment against Corbet and two others was rendered in Hertford, for the same assault. A plea in bar seems to have been interposed in the second suit. After payment of the first judgment by Hill, Corbet, being taken in execution, sought a remedy by *audita*

*querela,* averring that the judgment against him was for the same cause of action, and the satisfaction of the judgment by him. The proceedings, to say the least of them, were anomalous. There is, first, a several suit against Hill and judgment; then three others are sued jointly, treating the cause of action as both joint and several at the same time. What would have been the judgment in the second action, had it appeared by plea that judgment had already been obtained by the plaintiff for the same cause of action, is not indicated, and there is nothing to show that the rule stated by Popham, in *Broome* v. *Wooton,* would not have been applied. That case had not been doubted or overruled. If the defendant, Corbet, had neglected to plead the prior judgment in bar, he could not avoid the second judgment from being rendered against him; and thus his only remedy was by the proceeding which he instituted, alleging the payment by Hill, upon the judgment against him for the same assault. This he might do, without impugning the doctrine announced by Popham.

Upon the authority of the preceding cases, we are obliged to say that the recovery against Lathrop is a good bar to this suit, and judgment must be for the defendant.