ARMOUR FERTILIZER WORKS, A CORPORATION, *Plaintiff in Error*, v. PARRISH VEGETABLE AND FRUIT COMPANY, A CORPORATION, AND HENRY L. COE, *Defendants in Error*.

1. The statutes and rules do not require any preliminary steps to be taken before an execution may be issued against a stockholder to be enforced "to an extent equal in amount for so much as may remain unpaid upon his subscription to capi-

tal stock and no further," after an execution against the corporation has been returned *nulla bona.*

2. A stockholder of a corporation becomes as such charged with knowledge that under the statute upon the return of *nulla bona* upon an execution issued against the corporation, an execution may be issued against him for the unpaid subscription to the stock he holds.

3. Where an execution is issued under the statute against a person as a stockholder of a corporation, if such person is in fact not a holder of the corporate stock upon which there is unpaid subscription, or if the amount of the execution is in excess of the unpaid subscription, the person may have relief under the statute providing for testing the legality of executions.

Writ of error to the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Singletary & Reaves,* for Plaintiff in Error;

*Sparkman & Carter,* for Defendants in Error.

WHITFIELD, C. J.—The Plaintiff in error recovered a judgment in the Circuit Court for Manatee County against the Parrish Vegetable and Fruit Company. Execution on the judgment issued against the corporation was duly returned *nulla bona.* Thereupon an execution was issued under Chapter 5892 Acts of 1909 against Henry L. Coe as one of the stockholders of the Parrish Vegetable and Fruit Company, a corporation, for an amount equal to the amount remaining unpaid upon the subscription of Henry L. Coe to the stock of said corporation, the execution against the corporation for

its indebtedness having been returned *nulla bona*. Henry L. Coe then filed a petition in the same court setting up the judgment against the corporation, the return of *nulla bona* thereon and the issue of the exe-cution against Coe as a stockholder of the judgment defendant corporation and alleging "that at the time of the application for the execution against your peti-tioner, and at the time of the issuance of the same, your petitioner was absent from the State of Florida, and had no notice of any kind or description of the application for the issuance of the execution against him, and re-ceived no notice thereof until long thereafter.

Your petitioner prays this court that it will quash said execution for the following reasons, to-wit:

1. Because the issuance of said execution amounts to the taking of the property of your petitioner without due process of law.

2. Because the statute of the State of Florida, under and by virtue of which said execution is issued violates the constitution of Florida, in this, to-wit:

(a) Because it denies to your petitioner due process of law;

(b) Because it denies to your petitioner the equal protection of the laws; for the reason that the said statute does not provide for any notice to your peti-tioner before said execution issued; and denies to your petitioner his day in court.

3. And your petitioner further shows that the said statute of the State of Florida is in violation of the 14th Amendment of the Constitution of the United States, and particularly to that portion of said Four-teenth Amendment which provides that no State shall pass any law which denies to any person due process of law, or the equal protection of the laws."

The Court entered the following judgment: "The execution is quashed, but not on the grounds of unconstitutionality of the statute. The statute is constitutional but the execution cannot issue till some preliminary steps are taken."

A writ of error to this judgment was taken.

The judgment rendered may be reviewed here even though it was not excepted to, and even though all the proceedings and the evidence are not before us. If there is error in the judgment as matter of law the absence of the evidence and of motions and affidavits is not material.

As the court held "the statute is constitutional but the execution cannot issue till some preliminary steps are taken," the question to be determined is whether under the law any preliminary steps are required to be taken before execution may issue against a stockholder. The statutes controlling the subject are as follows:

"If any execution shall issue against the property or effects of any corporation, and there cannot be found whereon to levy, then such execution may be issued against any of the stockholders to an extent equal in amount for so much as may remain unpaid upon their subscription to capital stock and no further." Chapter 5892 Acts of 1909.

"The Clerk or other officer having charge of the books, records, and papers of any corporation, on demand of any officer holding execution against the same, shall furnish such officer with the name, places of residence and the amount of liability of every person liable as aforesaid, and if such officer refuses so to do, he shall, upon complaint thereof, be liable to a fine not

exceeding five hundred dollars." Sec. 2678 Gen. Stats. of 1906.

These statutes do not require any preliminary steps to be taken before an execution may be issued against a stockholder to be enforced "to an extent equal in amount for so much as may remain unpaid upon his subscription to capital stock and no further," after an execution against the corporation has been returned *nulla bona.* There is no general law or rule requiring notice to be given to the stockholder before execution is issued against him.

A stockholder of a corporation becomes such charged with knowledge that under the statute upon the return of *nulla bona* upon an execution issued against the corporation an execution may be issued against him for the unpaid subscription to the stock he holds. As to the construction put upon Section 2677 prior to its amendment see Knight & Wall Co., v. Tampa Sand Lime Brick Co., 55 Fla. 728, 46 South. Rep. 285. The statute above quoted affords the means by which the officer holding the execution may obtain definite information as to the stockholders and the unpaid subscriptions on the stock. If the person against whom the execution is issued is not in fact a holder of stock upon which there is unpaid subscription, or if the amount·of the execution is in excess of the unpaid subscription, the stockholder may have appropriate relief under the statute providing for the testing of the legality of executions. See Sections 1624 and 1625 Gen. Stats. of 1906.

The judgment quashing the execution is reversed.

All concur.