BAKER COUNTY STATE BANK, A CORPORATION, *Plaintiff in Error*, v. JOE JONES, JR., AS SHERIFF OF BAKER COUNTY, FLORIDA, AND EX-OFFICIO ADMINISTRATOR OF THE ESTATE OF T. R. HENDERSON, DECEASED, *Defendant in Error.*

Opinion Filed November 22, 1923.

Petition for Rehearing Denied January 8, 1924.

Where the liability of the two makers of a negotiable promissory note is joint and several, and after action is brought on the

note against the two makers, one of them dies, the right of action on the several liability survives against the personal representative of the deceased maker; and an action on such several liability may be duly brought against the personal representative of the deceased maker of the note even though the action brought against the two makers was dismissed after the death of one of the makers.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Baker County; A. V. Long, Judge.

Reversed.

*Cone & Chapman* and *W. B. Cone,* for Plaintiffs in Error;

*J. B. Hodges* and *Brown & Dopson,* for Defendant in Error.

WHITFIELD, P. J.—On October 27, 1922, this action was brought by the payee bank against Joe Jones, Jr., sheriff and ex-officio administrator of the estate of T. R. Henderson, one of the makers of the following promissory note:

"McClenny, Florida, April 5th, 1920.

"$8,483.00

"May 5th, after date I promise to pay to the order of Baker County State Bank, McClenny, Florida, eight-thousand four-hundred and eighty-three dollars, at Baker County State Bank, McClenny, Florida, for value received, with interest at the rate of ten per cent per annum after maturity until paid. Together with an attorney fee of

ten per cent if given after maturity to an attorney for collection.

|  |  |
|---|---|
| I. R. RHODEN | (Seal) |
| T. R. HENDERSON | (Seal) |

No. 3169.

Due May 5th, 1920.

Paid June 8th, 1920, $2,122.00

Paid Oct. 14th, 1920. 21.00

Paid March 15th, 1921. 82.49''

Pleas averring in substance that a prior action had been brought on the identical note against Rhoden and Henderson, that Henderson died pending the action and that subsequently the action was dismissed, were sustained on demurrer; and plaintiff declining to join issue on the pleas or to file replications thereto, judgment for defendant was rendered and writ of error taken.

Under the statute "Where an instrument containing the words 'I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon." Sec. 4691, par. 7, Revised General Statutes, 1920.

The liability on the note being joint *and* several, a joint action could have been joint against all or several against each of the promissors. A joint action against all having been brought and one of the defendants having died before judgment, the joint and several right of action surviving (Sec. 2571, Rev. Gen. Stats.), the action first brought could have been, by proceedings duly taken, (Sec. 2574, Rev. Gen. Stats.), continued against the surviving defendant on his several liability; and another action may properly be brought against the personal representative of

the deceased defendant for the several liability of the deceased defendant.

Reversed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.