WILLIAMS & NOBBS, INC., a corporation, and HERBERT E. WILLIAMS, HAMILTON C. DAVIS, and E. S. B. NOBBS, *Plaintiffs in Error,* vs. RUTH HOPE LEON, *Defendant in Error.*

145 So. 191.

Division B.

Opinion filed December 29, 1932.

*Daniel & Boggs,* for Plaintiffs in Error;

*Edgar W. Waybright,* for Defendant in Error.

DAVIS, J.—The defendant Davis, was sued jointly in an action at law with the defendant, Williams & Nobbs, Inc., under authority of Section 6819, C. G. L., 4733 R. G. S. That Section provides that the maker, or makers, of promissory notes or other negotiable instruments, and all other persons who at or before the execution and delivery thereof, endorsed, guaranteed or become surety for the payment thereof, or otherwise secondarily liable for the payment of same, may be sued in one and the same action.

The judgment entered was as follows:

"It is thereupon considered, ordered and adjudged by the Court that the Plaintiff, Ruth Hope Leon, do

have and recover of and from the Defendants, Williams and Nobbs, Incorporated, a corporation, and Hamilton C. Davis, the sum of Thirteen Thousand Seven Hundred Thirty-nine Dollars and Ninety-six cents ($13,739.96) for her damages herein sustained, besides the sum of $38.75, as costs, for which let execution issue.''

Under Section 6820 C. G. L., 4734 R. G. S., the final judgment in every case brought under authority of Section 6819 C. G. L., *supra*, must specify and indicate the defendant, or defendants, who are liable for payment only as endorser, surety, guarantor, or otherwise secondarily liable. Under Section 6821 C. G. L., 4735 R. G. S., it is provided that payment of the judgment by one secondarily liable shall entitle him, upon paying same, to have the judgment assigned to him by the judgment plaintiff or holder of the judgment, and to thereafter exercise all the rights and remedies of the original plaintiff in such judgment, or under execution thereon, to enforce the collection of the same from the defendant or defendants who are liable as makers of the instrument or instruments sued upon.

The proceeding authorized by Section 6819 C. G. L., *supra, et seq.*, are statutory proceedings which are authorized to be prosecuted at law jointly against persons primarily and secondarily liable on the same negotiable instrument only because the statute so warrants. Being remedial in purpose, the statute should be liberally construed to effectuate its object of substituting a new form of statutory proceeding for the ordinary proceedings at law that would otherwise be required, but the statute must be substantially followed as to the form of judgment which it provides shall be entered in *all* cases brought under it where recovery is awarded.

A judgment may be reviewed and reversed on writ of error, if there is error apparent in the judgment as a

matter of law, even though the judgment as entered was not excepted to. Armour Fertilizer Works v. Parrish Vegetable & Fruit Co., 63 Fla. 64, 58 Sou. Rep. 231 (Reversed on other grounds in Coe v. Armour Fertilizer Works, 237 U. S. 413, 35 Sup. Ct. 625, 59 L. Ed. 1027).

It is evident from an inspection of the entry of the judgment hereinbefore quoted, that such judgment is on its face erroneous as a matter of law, in that the judgment, as entered, does not comply with the form of judgment required to be entered by Section 6820 C. G. L., *supra.* In its present form, it also deprives the defendant who was alleged in the pleadings to have been secondarily liable, of the benefit to him intended to be preserved by Section 6921 C. G. L., *supra,* and is likewise erroneous for that reason. But otherwise no error has been made to appear.

The judgment to which the writ of error was taken, should be reversed and the cause remanded with directions to enter a proper form of judgment in accordance with the liability established by the pleadings and verdict, as provided by the statute hereinbefore referred to, and it is so ordered. See Phillips v. Sanchez, 35 Fla. 187, 17 Sou. Rep. 363.

Reversed for a proper form of judgment.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.