STATE, ex rel. J. M. MITCHELL, et al., v. L. L. PARKS, as
Circuit Judge, et al.

155 So. 819.

En Banc.

Opinion Filed June 25, 1934.

*Macfarlane, Pettingill, Macfarlane & Fowler,* and *Sutton, Tillman & Reeves,* for Petitioners;

*Chancey & Thomas,* for Respondents.

Davis, C. J.—Rule *nisi* in prohibition was issued in this case, the predicate for it being the following state of the record in the underlying suit in the circuit court to which this original proceeding relates.

A suit at law was brought in the Circuit Court of Hillsborough County by George R. Sims against the Anclote Land Company, M. C. Fowler, C. R. Williams and J. M. Mitchell. The suit was on a promissory note. Anclote Land Company was sued as maker. The three other defendants were named as endorsers.

Trial was had and the jury found a verdict in favor of the plaintiff as against the defendant maker, Anclote Land Company, but did not find a verdict in favor of plaintiff against the other three defendants, who are the petitioners for writ of prohibition herein.

Final judgment was entered against the maker, Anclote

Land Company, but a motion for new trial was made by plaintiff as to the other three defendants. The motion for new trial was granted and appealed from by means of writ of error taken to the order granting a new trial as specially authorized by our statutes. The order granting the new trial was affirmed. See Fowler v. Sims, 98 Fla. 612, 124 Sou. Rep. 59.

After the going down of the mandate a plea to the jurisdiction was filed in the court below by the defendants Fowler, Williams and Mitchell. This plea set up that because final judgment had been duly entered against the Anclote Land Company, the maker of the note, it operated as a bar to any further proceedings against the remaining defendants, on the theory that at common law there can be but one final judgment in any case at law, and that the unchallenged judgment long since entered in the cause against one only of the four jointly named defendants, had exhausted the circuit court's jurisdiction to proceed against the three defendants against whom a new trial had been awarded. The plea was disregarded and this proceeding in prohibition was brought for the purpose of having affirmatively restrained by this Court the further exercise of jurisdiction by the circuit court in derogation of the jurisdictional plea.

Our conclusion as to the law of this case is that proceedings at law under Sections 6819-6821, C. G. L., 4733-4735 R. G. S., are to be treated as being entirely of statutory authorization, and are to that extent to be regarded as *sui generis,* and therefore not governed by the strict rules of the common law otherwise governing entry of judgments in joint actions *ex contractu.* This was in effect the recent holding of this Court in Williams & Nobbs, Inc., v. Leon, 107 Fla. 487, 145 Sou. Rep. 191, a case decided here since the institution of the prohibition proceeding now before us.

The object of Sections 6819-6821, C. G. L., *supra,* was to make one suit serve the same purpose as two or more suits where makers and endorsers of promissory notes and other negotiable instruments are involved. It was to advance the remedy and avoid a multiplicity of actions without changing or undertaking to change the essential nature and character of the several kinds of liability which would have to be enforced. Such a suit as that which may be brought under these sections is joint in form only. To all other intents and purposes it is to be treated as if separate suits had been brought and then a consolidation of them had for trial.

The case of Merchants' & Mechanic's Bank v. Sample, 98 Fla. 759, 124 Sou. Rep. 49, holding that where the cause of action is joint, the plaintiff cannot be allowed to sever it against the objection of the other defendants by taking judgment against one, because he merges the cause of action as to that one, and puts it out of his power to maintain any other suit, either against the others severally or against all combined, is not applicable to the special statutory manner of suing authorized by Sections 6819-6821, C. G. L., 4733-4735 R. G. S., since the effect of that statute is not to convert the liability into a joint liability, nor to make the joined causes of action subject to the rules governing the enforcement by suit of joint liabilities *ex contractu,* such as by the entry of a single judgment in the cause as at common law.

Under Sections 6819-6821, C. G. L., *supra,* the judgment required to be entered is in effect a severable judgment against the makers and endorsers of negotiable instruments, and entry of judgment against the maker does not preclude a separate judgment as to the sureties. Such separate judgment as to the sureties may be entered either simultaneously

with the judgment against the maker or at a later date or term. Both judgment entries together constitute the "judgment" which is referred to in Section 6820, C. G. L., 4735, R. G. S.

The rule *nisi* in prohibition is quashed and the proceeding dismissed at cost of petitioners.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.