187 So.2d 662 (1966)
Thelma QUARNGESSER, Appellant,
v.
APPLIANCE BUYERS CREDIT CORPORATION, a Delaware Corporation, Appellee.
No. 65-616.
District Court of Appeal of Florida. Third District.
June 14, 1966.
*663 Michael H. Salmon and Milton E. Grusmark, Miami Beach, for appellant.
Patton & Kanner, Thomas H. Anderson, Talbot W. Trammell, Miami, for appellee.
Before PEARSON, CARROLL and SWANN, JJ.
PEARSON, Judge.
The question to be determined on this appeal is whether a guarantor on a promissory note is jointly liable with a co-guarantor or jointly and severally liable with the co-guarantor. The question arises upon an appeal from a summary final judgment for the plaintiff (appellee, Appliance Buyers Credit Corp.) against one of three defendants (appellant, Thelma Quarngesser), who was a co-guarantor.
Thelma Quarngesser and her husband, Elwood Quarngesser, guaranteed payment of North Shore Realty Corporation's note which was payable to the appellee. The appellee sued North Shore and the Quarngessers upon the note. Prior to the entry of the judgment appealed, a final judgment was entered for the appellee against North Shore Realty Corporation and Elwood Quarngesser. Thelma Quarngesser had been named as a party defendant, but she *664 had not been served prior to the entry of the judgment. Subsequently, service was had upon the appellant, Thelma Quarngesser, and she pleaded a general denial. The final summary judgment here appealed was entered against her jointly and severally with the other two defendants.
The appellant urges that the judgment was erroneous as a matter of law because she was discharged upon the entry of the judgment against North Shore Realty Corporation and Elwood Quarngesser. She contends that the indebtedness has been merged into the judgment. It is obvious that this contention can be of no avail if Thelma Quarngesser, as a guarantor of payment, was jointly and severally liable for the payment of the debt. One who guarantees payment of a promissory note is liable upon default, and the person to whom the guaranty is made is not required to first resort to the maker. Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902). Therefore, the judgment against the maker would in no way affect the independent liability of the guarantor. See State ex rel. Mitchell v. Parks, 115 Fla. 608, 155 So. 819 (1934). Turning to the judgment against the co-guarantor, Elwood Quarngesser, we note that if the liability of the two co-guarantors is joint, appellant is correct, and the judgment against one will bar an action against the other because when the liability is joint all must be sued in the same action. Cf., Atlanta & St. A.B. Ry. Co. v. Thomas, 60 Fla. 412, 53 So. 510 (1910); Merchants' & Mechanics' Bank v. Sample, 98 Fla. 759, 124 So. 49, 125 So. 1 (1929). If the liability of the two co-guarantors is joint and several, the judgment against one will not affect the independent liability of the other. Cf., Baker County State Bank v. Jones, 86 Fla. 484, 98 So. 592 (1924).
When North Shore executed its promissory note in favor of the plaintiff, appellee, the note carried as a part thereof a guaranty of payment signed by Elwood Quarngesser and Thelma Quarngesser individually. By the express terms thereof the liability of the co-guarantors was joint and several. Thereafter, the appellee and the Quarngessers entered into a modification agreement wherein the appellee, Appliance Buyers Credit Corp., is referred to as the party of the first part and Elwood Quarngesser and Thelma Quarngesser are referred to as party of the second part. Appellant urges that, by the reference to the co-guarantors as one party, a clear intent is shown to change the obligation of the co-guarantors from a joint and several liability to a joint liability. We think that this conclusion does not follow.
Where the court is called upon to construe an instrument and that instrument refers to another instrument, the court will look to the instrument to which reference is made as an aid in determining the parties' intent. McGhee Interests v. Alexander Nat. Bank, 102 Fla. 140, 135 So. 545 (1931); United States Rubber Products v. Clark, 145 Fla. 631, 200 So. 385 (1941); J.M. Montgomery Roofing Co. v. Fred Holland, Fla. 1957, 98 So.2d 484. It follows that when there is a clear intent expressed in the first instrument, that intent will carry forward into the subsequent instrument unless there is shown a contrary or different intent in the second instrument. See McGhee Interests v. Alexander Nat. Bank, supra. The reference in the second instrument to the two co-guarantors as one party is not a sufficient expression of intent to overcome the expressed intent that the co-guarantors are liable "jointly and severally". It can only be argued as an "implication" from the form of the instrument. As such, it is subject to the rule of interpretation which requires that the specific provision control the general. Bystra v. Federal Land Bank of Columbia, 82 Fla. 472, 90 So. 478 (1921); Suncoast Building of St. Petersburg v. Russell, Fla.App. 1958, 105 So.2d 809. We therefore conclude that the co-guarantors are jointly and severally liable and that the trial judge correctly held that there was no merger of the appellant's liability into the judgment against her co-guarantor.
*665 Appellant's remaining point, urging release by an extension of the time for payment, is likewise without merit. The facts do not support the contention that the rights of the defendant were affected or altered by the attempt to settle the controversy. Cf., Clark v. United Grocery Co., 69 Fla. 624, 68 So. 766 (1915).
Affirmed.