ALLEN, Judge.
Appellants, defendants below, have appealed from an adverse final judgment.
The facts giving rise to this appeal are essentially as follows:
The appellee, Priscilla B. Martin, filed a complaint against Leonard Corcoran, Vivian Corcoran and Venice Beach Development, Inc. The suit was based on a promissory note in the amount of $65,000.-00, under which the Corcorans and the corporation had jointly and severally promised to pay appellee the amount of the note on a certain due date. The appellants further agreed to pay a certain amount of interest and costs of collection, including a reasonable attorney’s fee, should a default in payment occur. The words and figures of the *17 note were copied into the complaint and in addition, a Xerox copy of the note, marked Exhibit “A,” was attached to it.
The prayer for relief in the complaint demanded “a judgment against the Defendants, both singly (sic) and jointly, for the sum of Sixty-five Thousand Dollars ($65,-000.00) together with all interest, penalties, costs of collection and attorney’s fees.”
The sheriff’s original return of service indicates that the writ was received on the 2nd day of July, 1965, and service made upon Venice Beach Development, Inc., on July 8, 1965. The return further indicates that the Corcorans could not be located within Sarasota County and that the subjects were reported to be in Nova Scotia.
On August 20, 1965, appellee’s attorney moved for a summary judgment against the corporation giving September 2, 1965, as the date for hearing the motion. On September 1, 1965, a summons was served on Vivian Corcoran. Substituted service was made on Vivian Corcoran for her husband, Leonard Corcoran.
On September 3, 1965, the defendant, Venice Beach Development, Inc., withdrew its motions for more definite statement, motion to strike and motion to dismiss, and the lower court entered a summary final judgment against said defendant. This summary judgment stated that the promissory note sued upon was a joint and several obligation, and that it did not constitute a dismissal of the cause of action against either of the remaining defendants.
On November 23, 1966, appellee’s motion for summary judgment against the Cor-corans was granted and this appeal followed.
The final judgment entered against Venice Beach Development, Inc., is as follows:
“THIS MATTER having come on for hearing on plaintiff’s Motion for Summary Judgment and all other pending motions, and the defendant, VENICE BEACH DEVELOPMENT, INC., having withdrawn its motions for more definite statement, motion to strike and motion to dismiss, and the Court having considered the plaintiff’s Motion for Summary Judgment, the, pleadings and affidavits filed in support of same, and the defendant, VENICE BEACH DEVELOPMENT, INC., having failed to file any affidavits in opposition to the motion by the plaintiff. for summary judgment, and the Court having heard the arguments of counsel for the plaintiff and for the defendant, VENICE BEACH DEVELOPMENT, INC., and being fully advised in the circumstances, FINDS:
“1. That the promissory note sued upon herein is a joint and several obligation.
“2. That there is due unto plaintiff, as of September 2, 1965, the sum of SIXTY SEVEN THOUSAND FOUR HUNDRED NINETEEN DOLLARS AND FIFTY SIX CENTS ($67,419.56) representing principal and accrued interest on the note sued upon herein.
“3. That a reasonable attorney’s fee to be paid unto plaintiff’s attorneys for legal services furnished unto the plaintiff to date, is the sum of FORTY FIVE HUNDRED DOLLARS ($4,500.00).
“4. That plaintiff has incurred costs in the amount of TWENTY-EIGHT DOLLARS ($28.00).
“IT IS THEREUPON ORDERED AND ADJUDGED that the plaintiff PRISCILLA B. MARTIN, have and recover from the defendant, VENICE BEACH DEVELOPMENT, INC., the sum of SEVENTY ONE THOUSAND NINE HUNDRED FORTY SEVEN DOLLARS AND FIFTY SIX CENTS ($71,947.56), for which sum let execution issue.
“IT IS FURTHER ORDERED AND ADJUDGED that this shall not constitute a dismissal of the cause of action against either of the remaining defendants.”
*18 We construe this judgment as a several judgment against the corporation. The note in question, which was attached to the complaint filed in this case, provided for joint and several obligations on the part of Venice Beach Development, Inc., Leonard R. Corcoran and Vivian D. Corcoran.
The defendants, Leonard R. Corcoran and Vivian D. Corcoran, filed defenses, which, in effect, claimed that by taking a judgment against the corporation the plaintiff had elected her remedy and was barred from further proceedings against the defendants Corcorans. They further alleged that by taking judgment against the defendant Venice Beach Development, Inc., the plaintiff had merged the whole cause of action in this judgment and that they could not maintain further suit against the defendants Corcorans.
The lower court subsequently entered a final judgment against Leonard R. Cor-coran and Vivian D. Corcoran, which, in effect, was as follows:
“ORDERED AND ADJUDGED as follows:
“1. That the Defendants, LEONARD R. CORCORAN and VIVIAN D. COR-CORAN, owe unto the Plaintiff, PRISCILLA B. MARTIN, in accordance with the terms and provisions of the promissory note sued upon herein, the sum of 75,674.89 Seventy five thousand six hundred seventy four 89/100 DOLLARS ($75,674.89) representing principal and accrued interest as of the 23rd day of November, A.D. 1966.
“2. That a reasonable attorney’s fee to be paid unto the Plaintiff’s attorney for legal services furnished unto the Plaintiff in connection with the collection of the promissory note sued upon herein to date, is the sum of $9,450.00.
“3. That the Plaintiff has incurred assessable costs in the amount of $28.00, which said costs are hereby assessed against the said individual Defendants.
“4. Accordingly the Court hereby awards unto the Plaintiff, PRISCILLA B. MARTIN, a judgment against the Defendants, LEONARD R. CORCORAN and VIVIAN D. CORCORAN, both jointly and individually, in the sum of 85,152.89 Eighty five thousand one hundred fifty two and 89/100 ($85,152.89), for which sum let execution issue.
“DONE AND ORDERED in Chambers at Sarasota, Florida, this 23 day of November, A.D. 1966.”
It will be observed that this judgment was against Leonard R. Corcoran and Vivian D. Corcoran, both jointly and individually, in the sum of $85,152.89.
We hold that the court was authorized to enter individual judgments against Leonard R. Corcoran and Vivian D. Corcor-an as it had previously entered an individual judgment against co-maker of the note Venice Beach Development, Inc., but that the judgment should not have been entered against the two Corcorans jointly. To that extent error was committed. However, the judgment will stand insofar as it is an individual judgment against each of the two Corcorans.
In one of the earlier Florida cases, that of Hale et al. v. Crowell’s Administratrix, (1849) 2 Fla. 534, an action was brought against several joint obligors and a judgment was entered against one of the defendants. Then the attorney for the plaintiffs, who had secured this judgment, filed an appeal in the Supreme Court to have his judgment set aside.
The opinion by Chief Justice Douglas stated that this was a suit upon the joint bond of the defendants and the declaration filed in the case was in the usual form, charging all the defendants jointly.
In the opinion, the Court said:
“* * * jn Jenkins v. Hart’s Commissioners, 2 Rand. 447, the Court held, that in a joint action upon a joint contract, *19 (the very case at bar,) the plaintiff must have judgment against all the defendants, or he can have judgments against none. In the case of Newnan v. Graham, 3 Mum., 187, 188, the Court of Appeals of Virginia, upon the authority of the case of Leftwick v. Berkley, 1 Hen. & Mum., 62, held, ‘that in an action of debt against one obligor only, if the declaration describe the bond as joint, and do not state the other obligor to be dead, it is a fatal error, though not pleaded in abatement, and is not cured by verdict.’ That case is analagous to the case at bar in this, that the defendant did not crave oyer of the bond, but a copy of it was nevertheless annexed to the transcript of the record by the clerk, as in this case. But there is an essential difference between them in this: the bond in that case (as shown by the'copy) was joint and several — while in this, it is joint only: in that the defendant appeared and pleaded — in this, there was judgment by default. The court decided the case according to the showing of it, which the plaintiff had made in his declaration, and so we deem it proper to decide this.”
The Court also decided that the party could plead the negligence of his attorney in the case, and authorized the party to have the judgment, which he had obtained, set aside so he could start over again.
In Baker County State Bank v. Jones, (1923) 86 Fla. 484, 98 So. 592, our Supreme Court held that where the liability of the two makers of a negotiable promissory note is joint and several, and after action is brought on the note against the two makers one of them dies, the right of action on the several liability survives against the personal representative of the deceased maker. It also held that an action on such several liability may be duly brought against the personal representative of the deceased maker of the note, even though the action brought against the two makers was dismissed after the death of one of the makers.
In Sessions v. Johnson, 98 U.S. 347, 24 L.Ed. 596 (1877), the United States Supreme Court, in its opinion, said:
“Even without satisfaction, a judgment against one of two joint contractors is a bar to an action against the other, within the maxim transit in rem judica-tam; the cause of action being changed into matter of record, which has the effect to merge the inferior remedy in the higher. King v. Hoare, 13 Mees. & W., 504.
“Judgment in such a case is a bar to a subsequent action against the other joint contractor, because, the contract being merely joint, there can be but one recovery; and consequently the plaintiff, if he proceeds against one only of two joint promisors, loses his security against the other, the rule being that by the recovery of the judgment the contract is merged and a higher security substituted for the debt. [Citations omitted.]
“But the rule is otherwise where the contract or obligation is joint and several, to the extent that the promisee or obligee may elect to sue the promisors or obligors jointly or severally; but even in that case the rule is subject to the limitation, that, if the plaintiff obtains a joint judgment, he cannot afterwards sue them separately, for the reason that the contract or bond is merged in the judgment; nor can he maintain a joint action after he has recovered judgment against one of the parties in a separate action, as the prior judgment is a waiver of his right to pursue a joint remedy.”
In Sully v. Campbell, 99 Tenn. 434, 42 S.W. 15, 43 L.R.A. 161 (1897), Headnote 2 states:
“It is not a violation of the rule that an indivisible cause of action must not be split to bring different actions against two joint and several obligors.”
*20 The opinion states, p. 16:
“ * * * The note sued on, though joint in its terms, under the law of this state, where it was executed, is a joint and several obligation. (Citations omitted). Its holder could maintain either a joint action against all its makers, or a several action against each one. While, at common law, a judgment against one of several joint obligors was a merger of the contract, and thus a bar to a subsequent action against his co-obligors, it was otherwise when the contract was joint and several. On such a contract, nothing short of satisfaction would prevent the obligee from maintaining as many suits as there were obligors; and this is the necessary effect of our statute, declaring every contract, though joint in its terms, several as well as joint. (Citation omitted) Nor does the well-established rule that a plaintiff shall not split an indivisible cause of action apply in this case. The reason of this rule is expressed in the maxim, ‘Nemo debet bis vexari pro una et eadem causa; ’ and the rule itself was established to prevent the unnecessary vexation of the defendant, and to protect him from the burden of the costs of a multiplicity of suits involving the same cause of action. This rule could be invoked by Hunt, if complainant was here seeking to hold him liable for the balance due on this note, but it cannot avail these defendants, who were not parties to that suit.”
Hunt v. Bates, 7 R.I. 217, 82 Am.Dec. 592 (1862) states:
“ * * * On the contrary, when the contract is several, as upon a joint and several bond, the plaintiff may have his action against each of the obligors, — the liability of each being distinct from and independent of the others. In such case, the judgment against one is no bar to a suit against another, because the causes of action are distinct. The promise or obligation of each is his only. The cause of action, the promise of A, could never merge in a judgment against B, nor could it be changed into matter of a higher nature, except in a suit against A, whose promise only it is: [Citation omitted.] The judgment in these cases must, in order to constitute a bar, be satisfied by the judgment debtor. Satisfaction of the judgment will discharge, not only that judgment, but will operate as a release of every cause of action or suit collateral to it, whether against the same defendant or any other. Judgment against a drawer is no bar as to an indorser, without satisfaction: [Citation omitted.]”
In Anderson v. Stayton State Bank, 82 Or. 357, 159 P. 1033 (1916), the Supreme Court of Oregon, at p. 1039, had this to say:
“A joint and several contract is with each promisor and also with all jointly, with the result that they are all liable together on the joint obligation, and each individual is liable upon his separate obligation, and they may be sued jointly or severally as the promisee may elect. * * * A joint contract, however, is with all the promisors together, with the result that all must be sued jointly if either promisor objects to a suit or action brought against less than all; but if a judgment be obtained without objection against less than all who are jointly liable, the entire debt is merged in that judgment. (Citations omitted) Ordinarily a release of one frees all. * * * Although a promisee may sue all or only one of two or more joint and several promisors, nevertheless a judgment obtained against joint and several promisors does not give to the judgment creditor any rights for the collection of the debt which are not possessed by the owner of a judgment against persons who are merely joint debtors and who had been served with summons. The owner of a judgment against persons who are jointly and separately liable may seize the property of all or the property of each if he chooses, and he is not obliged to look to one before he calls upon the other for payment. If all the promisors on a joint obligation are served with summons *21 and a judgment secured against them, then the owner of the judgment is not obliged to exhaust the joint property before seizing the separate property of the individual promisors because he may do as he chooses (citations omitted), for the reason that in a j oint, as well as in a j oint and several, obligation each obligor who is hound at all is liable in solido for the whole debt. (Citations omitted.)
“Even though service cannot be obtained on all' those who are jointly liable on a contract, still our statutes authorize the court to permit the promisee to have a judgment against all, and he may satisfy that judgment with the joint property of all the promisors or the individual property of the separate promisors who have been served with summons, and, furthermore, the judgment creditor is not obliged to exhaust the joint property before calling upon the separate estates for payment. (Citations omitted.)”
In Quarngesser v. Appliance Buyers Credit Corp., Fla.App.1966, 187 So.2d 662, a maker and two guarantors were sued as jointly and severally liable parties in the same action on a promissory note. Summary judgment was entered against the maker and one guarantor. Subsequently, an additional summary judgment was entered against the remaining guarantor from which an appeal was taken. The appeal seems to have been based on the same theory advanced by the appellants in the case at bar. The Third District Court of Appeal, in an opinion by Judge Pearson, in addressing itself to this argument, states at page 664:
“The appellant urges that the judgment was erroneous as a matter of law because she was discharged upon the entry of the judgment against North Shore Realty Corporation and Elwood Quarngesser. She contends that the indebtedness has been merged into the judgment. It is obvious that this contention can be of no avail if Thelma Quarngesser, as a guarantor of payment, was jointly and severally liable for the payment of the debt. One who guarantees payment of a promissory note is liable upon default, and the person to whom the guaranty is made is not required to first resort to the maker. Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902). Therefore, the judgment against the maker would in no way affect the independent liability of the guarantor. See State ex rel. Mitchell v. Parks, 115 Fla. 608, 155 So. 819 (1934). Turning to the judgment against the co-guarantor, Elwood Quarngesser, we note that if the liability of the two co-guarantors is joint, appellant is correct, and the judgment against one will bar an action against the other because when the liability is joint all must be sued in the same action. Cf., Atlanta & St. A. B. Ry. Co. v. Thomas, 60 Fla. 412, 53 So. 510 (1910); Merchants’ and Mechanics’ Bank v. Sample, 98 Fla. 759, 124 So. 49, 125 So. 1 (1929). If the liability of the two co-g'uarantors is joint and several the judgment against one will not affect the independent liability of the other. Cf., Baker County State Bank v. Jones, 86 Fla. 484, 98 So. 592 (1924).” (Emphasis added.)
In the Quarngesser case, the maker and the two guarantors were primarily, as well as jointly and severally, liable on the note. In the case at bar, the corporate defendant and the Corcorans are also all primarily, as well as jointly and severally, liable on the note.
In Merchants’ & Mechanics’ Bank v. Sample, (1929) 98 Fla. 759, 124 So. 49, 125 So. 1, our Supreme Court held that where a plaintiff in an action on a note, which was the joint and several obligation of two persons, elected to enforce the obligation as a joint obligation, he was entitled to only one judgment.
In the Court’s opinion it is stated: (124 So. p. 51)
“And again the same writer [Freeman on Judgments (5th Ed.)] says, on page 2653:
“ ‘We have elsewhere fully discussed the common law and statutory rules govern *22 ing the rendition and entry of judgment in actions where there are several defendants. In general, the rules there stated are applicable to judgments by defaults and the statements here made must be considered in connection with that discussion. As there shown, the common law rule has been modified by codes and statutes either directly or indirectly affecting the right to proceed separately against joint debtors. But except as thus modified the general rule is that final judgment must go against all or none of the defendants unless some of them have a purely personal defense, and though one or more defendants default they are entitled to the benefit of any general defense made by the others. If the cause of action or liability pleaded is merely joint and not several, a defense by one, not purely personal, is effective as to all. This is true even in a tort action where the tort is regarded as merely a joint and not a separate one, as in case of an action by a stockholder against the members of a board of directors for their negligence collectively as a board in retaining a cashier of a bank after knowledge of his utter inefficiency.” (Emphasis added.)
The appellants insist that the present case is covered by Merchants’ & Mechanics’ Bank v. Sample, supra, but we do not agree. That case involved a joint suit and not a joint and several action as was brought in the instant case.
In 30A Am.Jur. Judgments, § 320, it is stated as follows:
“Judgment against some of Several Debtors. — The general rule is that a judgment against one or more, but not all, of a number of obligors does not operate to merge therein the cause of action against the remaining obligors. This rule prevails where the cause of action is several, or joint and several. * * *”
In the case of Springstead v. Crawfordville State Bank, (1912) 63 Fla. 267, 57 So. 668, a joint action in assumpsit was brought against the defendants on a promissory note. The note was a joint and several obligation. During the progress of the trial, objection was made to the introduction of the note in evidence because of an alleged variance between it and the declaration. Thereupon, the plaintiff took a non-suit as to two of the parties jointly sued, viz: S. E. Mickler and H. C. Mickler and dismissed the suit as to them. The Supreme Court, at page 273, 57 So. at page 669 of the opinion, stated:
“When the plaintiff discontinued the action as to the two Micklers, we think it clear that under the practice prevailing in this State, the Circuit Judge should have dismissed the whole case. The note was a joint and several one. The plaintiff had the right to sue them all jointly or any one or all of them severally; but an action against some of them only is subject to a plea in abatement. In the midst of the trial it elected to dismiss as to the Micklers, who had pleaded, not personal pleas, but jointly with the others and this made the action a joint one against a part of the makers. If the plaintiff had dismissed the action against all the makers except one, it would then have been changed into a several suit against that one, and that might have been permissible. But we can find no statutory authority in this State for the course that was pursued, and it is not supported by the common law practice. * * * ”
(Emphasis added.)
In the instant case, it is noted that the corporation, Venice Beach Development, Inc., pleaded personally even though, as above pointed out, it withdrew certain motions before the adverse summary judgment. This made the action a several one against part of the makers of the note. This case differs from the Springstead case, supra, in form only. Here, we have three defendants being sued by one plaintiff on a joint and several promissory note. Service of process was made on the corporate defendant, but not on the two individual defendants, who are also officers of the cor *23 poration. However, service was made .on the individuals before judgment was entered. The corporate defendant began to plead by filing certain motions but later withdrew those motions and a summary judgment was entered against it. The note, on its face, shows that the corporate defendant is jointly and individually liable upon default of payment. There is no question that a default occurred. The corporation, knowing this, proceeded in its individual capacity which, by the reasoning in the Springstead case, supra, makes this action one of severalty and the judgment taken against the corporation was a several judgment and not a joint judgment.
The judgment against the two Cor-corans was both joint and several. Individual judgments against the Corcorans under the complaint filed was proper as no objections were made to the complaint. The joint judgment was improper.
The judgment against the two Corcorans, heretofore mentioned, provided:
“4. Accordingly the Court hereby awards unto the Plaintiff, PRISCILLA B. MARTIN, a judgment against the Defendants, LEONARD R. CORCORAN and VIVIAN D. CORCORAN, both jointly and individually, in the sum of 85,152.89 Eighty five thousand one hundred fifty two and 89/100 ($85,152.89), for which sum let execution issue.”
Accordingly, we hold that the judgment against the two Corcorans individually is affirmed, but reverse as to the joint judgment. We hold that the words “both jointly and” should be stricken from the judgment, leaving the judgment valid as against the two Corcorans individually.
Affirmed in part, and reversed in part.
LILES, C. J., and HOBSON, J., concur.